[Civ. No. 18027. Third Dist. Aug. 23, 1979.]

IRENE GRAHAM, Plaintiff and Appellant, v.
CITY OF BIGGS et al., Defendants and Respondents.

## COUNSEL

Jordan N. Peckham for Plaintiff and Appellant.

Leonard & Lyde and Raymond A. Leonard for Defendants and Respondents.

## OPINION

**PARAS, J.**—Plaintiff appeals the dismissal of her second amended complaint after defendants' demurrers were sustained without leave to amend.

For purposes of appeal we treat the allegations in the complaint as true. (*Haggerty* v. *County of Kings* (1953) 117 Cal.App.2d 470, 478 [256 P.2d 393].) They show the following. Plaintiff was raped in her car on March 14, 1977, in Biggs, a community in Butte County. She reported the rape and the identity of the rapist to Officer Michael Long of the Biggs police, who in turn reported it to Chief of Police Dan Tiffee. Although she was in physical pain and emotional distress, Long refused to drive her to the hospital, thereafter compelled her to wait at the hospital for the examining physician to complete his report, then caused her to drive herself home despite the fact that the doctor had given her Valium. She was later caused to pay for the examination.

Tiffee refused to come to the assistance of Long, who called him twice during the evening with requests for help. Tiffee and Police Commissioner Ben L. Pruden (who is also the Mayor of Biggs and a member of the city council) refused to order the questioning of three men who were overheard discussing the rape the same evening. Plaintiff's car was never

examined for evidence; nor was the man she identified as the rapist located or questioned. Her complaint to the Biggs City Council elicited a written reply containing factual inaccuracies and implying that she had not been raped. She then filed a claim with the city which was denied by the city council.

The complaint alleges generally that the defendants acted in concert in the performance (or lack thereof) of their official duties, to deny plaintiff due process, equal protection, and the privileges and immunities of citizenship; and that all the acts and omissions were the result of implementation of the policies of the defendant city. Plaintiff alleges she suffers emotional distress, fear of going to public places in Biggs, gross injury to her reputation, and other injury and damage.

The issue presented to us is whether plaintiff's complaint states a cause of action against the Biggs police (defendants Long, Tiffee and Pruden), city officials and councilmen (defendants Pruden, Eunice Smith, William Callaway, William Carson and Roy Turner), and the city itself. The specific question is whether the action is barred as to any or all the defendants by the immunity provisions of California Tort Claims Act (Gov. Code, tit. 1, div. 3.6). We hold the allegations of the complaint sufficient to state a cause of action for violation of the federal Civil Rights Act of 1871, specifically 42 United States Code sections 1983, 1985(3), and 1986, by each of the named defendants.[1]

---

[1] 42 United States Code section 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 United States Code section 1985(3): "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of

■ The 1871 act, also known as the Ku Klux Act (*Monroe* v. *Pape* (1961) 365 U.S. 167, 171 [5 L.Ed.2d 492, 496, 81 S.Ct. 473]), was enacted in response to President Grant's urgent request that Congress pass legislation to "effectually secure life, liberty, and property, and the enforcement of law in all parts of the United States. . . ." (Quoted in *Monroe* v. *Pape, supra,* 365 U.S. at p. 173 [5 L.Ed.2d at p. 497].) The momentum behind the bill was supplied by the failure of certain states to enforce the laws evenhandedly. "Vigorously enough are the laws enforced against Union people. They only fail in efficiency when a man of known Union sentiments, white or black, invokes their aid. Then Justice closes the door of her temples." (Senator Pratt of Indiana during the debates. Quoted in *Monroe* v. *Pape, supra,* 365 U.S. at p. 178 [5 L.Ed.2d at p. 500].)

■ Defendants' failure to enforce the law equally is exactly what plaintiff alleges. Unless barred by the Tort Claims Act, her complaint states a classic cause of action for violation of civil rights. Omissions as well as affirmative acts by the police are actionable under 42 United States Code section 1983 (*Azar* v. *Conley* (6th Cir. 1972) 456 F.2d 1382, 1387); the same has become true as to municipalities, which are now to be treated as "persons" within the meaning of section 1983 (*Monell* v. *New York City Dept. of Social Services* (1978) 436 U.S. 658 [56 L.Ed.2d 611, 98 S.Ct. 2018]). Specific intent to deprive plaintiff of her constitutional rights is not required. (*Monroe* v. *Pape, supra,* 365 U.S. at p. 187 [5 L.Ed.2d at p. 505].) The allegations of defendants' actions pursuant to a city policy of nonenforcement of the rape law by cursory investigation contain the necessary "invidiously discriminatory animus" to support a

having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

42 United States Code section 1986: "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."

section 1985(3), conspiracy action and a section 1986 action for refusal to prevent. (*Griffin* v. *Breckenridge* (1971) 403 U.S. 88 [29 L.Ed.2d 338, 91 S.Ct. 1790]; *Azar* v. *Conley, supra.*)[2] Also, contrary to defendants' contention, the complaint contains sufficient factual allegations to support a cause of action.[3] (Code Civ. Proc., § 452.)

■ We turn now to the immunity issue. The short answer to defendants' contention that sections of the Tort Claims Act (e.g. Gov. Code, §§ 818.2, 820.4)[4] bar plaintiff's suit is the one given by the United States Supreme Court in *Monell, supra,* 436 U.S. at page 695 [56 L.Ed.2d at page 638, fn. 59]: "This has never been the law." Our own Supreme Court has held the supremacy clause of the United States Constitution (U.S. Const., art. VI, cl. 2), precludes the application of the claim filing requirements of the Tort Claims Act in a 42 United States Code section 1983 action against police officers. (*Williams* v. *Horvath* (1976) 16 Cal.3d 834, 842 [129 Cal.Rptr. 453, 548 P.2d 1125].) The general principle is found in a *Williams* court quotation:

"While it may be completely appropriate for California to condition rights which grow out of local law and which are related to waivers of the sovereign immunity of the state and its public entities, California may not

---

[2]Further, such actions are properly brought in a state court, which has concurrent jurisdiction to enforce federal law in civil actions. (*Brown* v. *Pitchess* (1975) 13 Cal.3d 518, 521 [119 Cal.Rptr. 204, 531 P.2d 772].)

[3]The specific allegations we find adequate under the Civil Rights Act are: "On the evening of March 14, 1977, acting Police Chief Tiffee and Police Commissioner Prudent both refused to question or to have questioned three men who were overheard discussing the rape at The Pheasant Club in Biggs, after being notified of the discussion via a telephone call from former Biggs Police Chief Bill Tamagni. Thereafter the Biggs Police Department failed and refused to arrest the person who had committed the rape, or to question him concerning the same, until that person had left Biggs and left the State of California, and otherwise failed and refused to take any steps to prosecute the responsible party, thereby creating by such inaction an atmosphere in the City of Biggs which reasonably causes Plaintiff to believe that she is fair game to anyone who wishes to rape her, and that she is not going to be given any protection therefrom by the authority and process of the law, thereby depriving her of the privileges and immunities of citizenship." The remaining factual allegations, as above summarized, do not demonstrate civil rights violations, whatever else they may signify.

[4]Government Code section 818.2: "A public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law."

Government Code section 820.4: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment."

impair federally created rights or impose conditions upon them." (*Willis v. Reddin* (9th Cir. 1969) 418 F.2d 702, 704-705; see also *Rossiter* v. *Benoit* (1979) 88 Cal.App.3d 706 [152 Cal.Rptr. 65].)

The judgment is reversed.

Regan, Acting P. J., and Reynoso, J., concurred.