[Civ. No. 28885. Fourth Dist., Div. One. Aug. 20, 1984.]

NEVA DeYOUNG, Plaintiff and Appellant, v.
DEL MAR THOROUGHBRED CLUB et al.,
Defendants and Respondents.

860

Kinkle, Rodiger & Spriggs and Don H. Zell for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, and Randall B. Christison, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**WORK, J.**—Neva DeYoung appeals an order denying her petition for relief from the claim provisions of Government Code[1] section 945.4 on her action against the State of California (State). She contends the trial court erred in denying the petition and the State is estopped from asserting the protection provided by the statute. We affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 1981, while attending horseraces sponsored by Del Mar Thoroughbred Club (DMTC) at Del Mar Race Track, DeYoung fell down a grandstand staircase and was injured. She was contacted by a claims adjuster, Patricia Dekema employed by Carl Warren & Company, representing DMTC. DeYoung retained counsel on September 7, 1981. Her attorney met Dekema and DMTC's lawyer at the scene of the accident and asked Dekema "who the correct entity at the track who would be responsible was." Dekema replied, DMTC. Satisfied with this response, DeYoung's counsel inquired no further to identify other potentially liable parties. The suit named DMTC and Does 1 through 50 as defendants.

DeYoung's lawyer learned in May or June of 1982 that the State of California (the 22d Agricultural District) owned the racetrack and leased the track premises to DMTC.[2]

In August, just short of one year after the injury, DeYoung applied for permission to file a late claim. The application was denied in October.

Section 911.2 requires in these circumstances that a claim be filed against the State within 100 days after the accrual of a cause of action. DeYoung contends her failure to make her claim within the 100-day period was due to mistake, inadvertence, surprise, or excusable neglect, and because her application for leave to file a late claim was made within "reasonable time,"

---

[1]All statutory references are to the Government Code unless otherwise specified.

[2]The State owns the Del Mar Fair Grounds; the track makes up the northwest part of the property. DMTC possesses the track during racing season in July through September. The fairgrounds, including track premises, are used to host other events during the rest of the year.

she should be allowed relief under section 946.6. She further argues the State's conduct estops it from asserting the claim requirement.

## THE STATE IS NOT ESTOPPED FROM ASSERTING SECTION 911.2

■ DeYoung contends Dekema, in negotiating the claim against DMTC, was acting as a representative of the State because a clause in its lease obligates DMTC to defend and hold the State harmless from all claims arising on the premises. DeYoung's counsel maintains the statement DMTC was the "responsible party" misled him into believing it was the track's sole owner and his reasonable reliance on that statement induced him to refrain from further investigation until long after the 100-day period.

DeYoung admits her argument is "tenuous," but maintains she must only allege Dekema's representative capacity stating "an appellate court cannot determine questions of agency as fact finding is not their function." Her statement of the law is, with some exceptions, correct. However, her interpretation of it points out a fatal flaw in her position—the necessity of this court embarking on a fact-finding mission to resolve the issues in favor of estoppel.

It is not sufficient for DeYoung to only allege agency. To be entitled to relief by estoppel, she must establish it by a preponderance of the evidence. (*City of Fresno* v. *Superior Court* (1980) 104 Cal.App.3d 25, 32 [163 Cal.Rptr. 807].) ■ Four elements must be present to apply the doctrine of estoppel against the State: "'. . . (1) . . . [it] must be apprised of the facts; (2) [it] must intend that [its] conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of the facts; and (4) . . . must rely upon the conduct to his injury . . . .'" (*Evans* v. *City of Los Angeles* (1983) 145 Cal.App.3d 142, 148-149 [193 Cal.Rptr. 282]; quoting *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].) ■ DeYoung did not carry her burden.

The lease which allegedly contains the "hold harmless" clause was never presented to the trial court although it was received by DeYoung's counsel more than a month before the hearing. However, on appeal, the lease was appended to the appellate record at his request. California Rules of Court, rule 12(a) governs appellate augmentation procedure and provides: "On

suggestion of any party or on the judge's own motion, a judge of the reviewing court . . . may order that any part of the original superior court file, *including any paper or record on file or lodged with the superior court,* be transmitted to it . . . ." (Italics added.) Because the lease was never "on file or lodged with" the superior court, it is outside the scope of the rule and cannot be considered by this court. (*Rollins* v. *City and County of San Francisco* (1974) 37 Cal.App.3d 145, 147-148 [112 Cal.Rptr. 168].) Had we been asked (we were not), we would have had the power to judicially notice the *existence* of the lease and its terms. ■ Evidence Code section 452, subdivision (d), by its terms, authorizes permissive judicial notice of records on file in the action before the trial court regardless whether they are in evidence in the proceedings and the trial judge relied upon them. However, "as a general rule, the court should not take such notice if, upon examination of the entire record, it appears that the matter has not been presented to and considered by the trial court in the first instance." (*People* v. *Preslie* (1977) 70 Cal.App.3d 486, 493 [138 Cal.Rptr. 828]; citing *People* v. *Superior Court (Mahle)* (1970) 3 Cal.App.3d 476, 482, fn. 3 [83 Cal.Rptr. 771].)[3]

DeYoung also contends the State should be estopped because there were no signs or other indications at the track of its ownership. (*Lohman* v. *Lohman* (1946) 29 Cal.2d 144, 149 [173 P.2d 657].) DeYoung cites no authority in point on these facts to show any duty for the State to identify its ownership at the track.[4] We must indulge in all legitimate and reasonable inferences to uphold a judgment where possible. (*Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183].) We will not substitute any conclusion we might reach from DeYoung's allegation for that impliedly reached by the trial court. Therefore, the State is not estopped to assert the requirements of section 945.4.

### Denying Permission to File a Late Claim Was Not an Abuse of Discretion

Section 946.6, subdivision (c), provides that a trial court shall relieve the

---

[3]California Rules of Court, rule 23(b) and Code of Civil Procedure section 909 authorize the appellate court to take evidence relating to any facts occurring at any time prior to appeal. However, the rule does not contemplate the reviewing court should take original evidence to reverse a judgment (*First Nat. Bank* v. *Terry* (1930) 103 Cal.App. 501, 509 [285 P. 336]) and is not available where there is no good cause shown for the unavailability of the evidence below. DeYoung gives no explanation for the failure to offer the lease on which the agency argument was based at the January 23 hearing. We therefore decline to exercise our power to take additional evidence on this matter.

[4]An argument that a duty exists was advanced in DeYoung's opening brief which was withdrawn in her reply brief and therefore need not be considered by this court.

petitioner from the need to present a claim to a public entity before bringing suit if it finds that petitioner applied to the board of control for leave to present a late claim within a reasonable time not to exceed one year after the accrual of the cause of action *and* that the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect. Thus a person seeking leave to file a late claim must surmount two hurdles. (*Black* v. *County of Los Angeles* (1970) 12 Cal.App.3d 670, 674 [91 Cal.Rptr. 104]; quoting *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 474 [58 Cal.Rptr. 249, 426 P.2d 753] and *Martin* v. *City of Madera* (1968) 265 Cal.App.2d 76, 80, fn. 1 [70 Cal.Rptr. 908].) ■ The decision to grant relief lies within the discretion of the trial judge. (*Id.*, at p. 79.)

The reasonableness of a misconception leading to the failure to timely file under section 911.2 determines whether relief will be granted under section 946.6. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [423 P.2d 818]; 2 Witkin, Cal. Procedure (2d ed. 1970) § 168, p. 1031.) ■ We believe it is unreasonable for DeYoung's counsel to interpret Dekema's statement DMTC was the "responsible party" for the injuries caused as a statement of sole ownership of the premises. The fact the tract occupies only a portion of the fair grounds and was surrounded by other buildings may or may not be sufficient to put a "reasonable person" on notice within 100 days of other ownership. Those questions are not for this court to determine. ■ It is an elementary principle of law that when a decision is attacked as being unsupported, our power begins and ends with determining whether there is substantial evidence, contradicted or uncontradicted, supporting the conclusion reached below. (*Crawford* v. *Southern Pacific Co.*, *supra*, 3 Cal.2d 427, 429.) Further, "[t]he burden is on the party complaining of the order to establish an abuse of discretion, and unless a clear case of abuse is shown and . . . there has been a miscarriage of justice an appellate court will not . . . divest the trial court of its discretionary power." (*Berry* v. *Chaplin* (1946) 74 Cal.App.2d 669, 672-673 [169 P.2d 453].)

■ DeYoung must not only show the failure to file within the 100-day period of section 911.2 was due to mistake, inadvertence, surprise or excusable neglect, but also that the section 911.4 application for leave to present late claim was made within a reasonable time. (*Tammen* v. *County of San Diego, supra,* 66 Cal.2d 468, 474.) Although her counsel testified he was told the State might be the owner of Del Mar Race Track in May or June of 1982, the application for leave to present late claim was not made until August 12, 1982, almost a year after the accident. He explained this time lapse was attributed to DMTC's delay in supplying him with a copy of the lease but does not explain why he felt it necessary to delay the filing until the lease was received. His statement he believed the lease was vital is belied by his actions. He made no formal request to produce the lease

until November; reliance on an adversary's assurances that discovery documents would be "forthcoming" in face of a tolling statute seems to show inexcusable neglect. If there was another justifying factor supporting this belief it was not argued before the trial court and has not been urged here.

## DISPOSITION

The order is affirmed.

Brown (Gerald), P. J., and Butler, J., concurred.