[No. B009718. Second Dist., Div. Seven. Oct. 23, 1985.]

SHARON GARCIA, Plaintiff and Appellant, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT,
Defendant and Respondent.

704

**COUNSEL**

Kroll & Linstrom and Barbara G. Gould for Plaintiff and Appellant.

De Witt W. Clinton, County Counsel, and Richard K. Mason, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**LILLIE, P. J.**—Plaintiff appeals from denial of petition for relief from claim requirement (Gov. Code, § 946.6) in an action against a public entity.

I

FACTS

Sharon Garcia was employed by the Los Angeles Unified School District as an elementary school teacher. In 1981 she filed a charge with the equal employment opportunity commission (EEOC) alleging discrimination by the school district because she was female and of Hispanic national origin. A settlement was reached on this charge whereby the school district would offer Garcia a bilingual classroom assignment and would not retaliate against her regarding the EEOC charge; following this settlement, the EEOC case was closed. Garcia was subsequently assigned to Gridley Avenue Elementary School as a bilingual classroom teacher. On April 25, 1983, she resigned her teaching post there because of alleged harassment and discrimination; she filed a second EEOC complaint on August 3, alleging discrimination based on her sex, national origin and retaliation for her prior

EEOC complaint. Specifically she claimed she was refused recommendation to an administration internship class by her school principal, Emma Wilson.

The EEOC notified the state Department of Fair Employment and Housing (DFEH) of the claim; the DFEH issued a right to sue letter, indicating responsibility for the investigation and evaluation of the claim would be handled by the EEOC, not the DFEH. The EEOC issued a notice of right to sue on November 30, 1983, stating that after investigation they were dismissing the charge because no reasonable cause was found to believe the allegations of the charge were true.

Garcia, in propria persona, filed a complaint in United States District Court on March 5, 1984, alleging employment discrimination in violation of title VII (Civil Rights Act) and breach of the terms of the EEOC settlement agreement. The school district filed answer to the complaint on March 22, raising as a defense the plaintiff's failure to file a claim with the school district prior to filing suit, as required by Government Code section 945.4. Plaintiff filed the claim against the public entity on April 24, 1984, in which she set the date of her injury as April 25, 1983; the school district rejected the claim as untimely, inasmuch as it was not presented within 100 days after the date of the occurrence. She made application for leave to present a late claim (Gov. Code, § 911.4) on May 16, which was rejected by the school district on June 11.

Plaintiff dismissed her federal action without prejudice on May 10, 1984, and on August 3, 1984, filed the within complaint for damages, in propria persona, in Los Angeles Superior Court, alleging harassment and discrimination resulting in her humiliation, mental anguish and emotional distress. School district demurred, raising, inter alia, plaintiff's failure to comply with the claim requirement; the demurrer was sustained with 30 days' leave to amend. Plaintiff then petitioned for relief from the claim requirement under Government Code section 946.6, based on her incapacity during the 100-day filing period as well as on her mistake, inadvertence, surprise or excusable neglect.  ■■ ■■■■  After hearing, the trial court denied the petition; it is from this order that Garcia appeals.[1]

## II

### Petition for Relief (Gov. Code, § 946.6)

Government Code section 911.2 requires that a claim relating to a cause of action for personal injury against a public entity be presented to that

---

[1]An order denying a petition under Government Code section 946.6 for relief from the requirement of presentation of claim before suit against a public entity (Gov. Code, § 945.4) is appealable. (*Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 435, fn. 8 [197 Cal.Rptr. 601, 673 P.2d 271]; *Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718, 723, fn. 2 [173 Cal.Rptr. 4].)

entity not later than the 100th day after the accrual of the cause of action. Presentation of such claim and action on or rejection of it by the public entity are required before suit for money or damages can be brought against the public entity. (Gov. Code, § 945.4.) When a claim has not been timely presented, application may be made to the public entity for leave to file a late claim (Gov. Code, § 911.4); if the public entity denies the application, section 946.6 authorizes a petition to the appropriate court for relief from the requirement of claim presentation prior to suit. Such relief shall be granted if the court finds that the application under section 911.4 was made within a reasonable time not to exceed one year after the accrual of the action, and as pertinent to this matter, either that the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect, (Gov. Code, § 946.6, subd. (c)(1)), or that the person who sustained the alleged injury was physically or mentally incapacitated during all of the 100-day period and by reason of such disability failed to present a claim during such time. (Gov. Code, § 946.6, subd. (c)(3).)

■ "The determination of the trial court in granting or denying a petition for relief under section 946.6 will not be disturbed on appeal except for an abuse of discretion. [Citation.] Abuse of discretion is shown where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief." (*Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 435 [197 Cal.Rptr. 601, 673 P.2d 271].) Appellant presented two bases for relief under the statute, incapacity and excusable mistake; we start with an examination of the evidence in support of her claim that she was incapacitated during the 100-day claim filing period.

### III

#### INCAPACITY

■ Appellant submitted to the trial court a declaration stating that she initially failed to file a timely claim against the school district because of emotional illness; that she has been under continuous psychiatric care for depression since 1976; that her depression has escalated to severely disabling episodes, including the time period from June 1981-April 1983 resulting from the discrimination against her which caused her to go on illness leave in April 1983. Because of the severe emotional distress and depression resulting from the alleged acts of discrimination against her, she was unable to deal with, comprehend, or function sufficiently to take up the matter of submitting a claim against the school district and its employees. In support of this claim of total incapacity, she attached a letter from her treating psychiatrist, which states in conclusory terms: "Sharon Garcia was totally incapacitated from April 25, 1983 to approximately November 1, 1983, and

has remained unable to return to work for the Los Angeles Unified School District to this date. [¶] Throughout this time, she has been in serious psychological upheaval, which has significantly hampered her ability to function effectively." This evidence is not uncontradicted. Garcia states in her declaration that by about August 3, 1983, although not completely recovered, she was able to file a claim against the school district with the equal employment opportunity commission; August 3 was the 100th day after April 25, the date on which she asserts her cause of action accrued. Obviously she was able to attend to some of her business affairs with regard to this dispute within the 100-day period. We find no abuse of discretion in the trial court's conclusion that appellant did not establish that she was incapacitated such that she could not file the claim with the school district.

## IV

### EXCUSABLE NEGLECT

Appellant also asserted her failure to file a claim was based on her excusable mistake and surprise. The showing required of a petitioner seeking relief under section 946.6 on the grounds of mistake, inadvertence, surprise or excusable neglect is the same as the showing required under Code of Civil Procedure section 473 for relieving a party from a default judgment. (*Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718, 723-724 [173 Cal.Rptr. 4]; *El Dorado Irrigation Dist.* v. *Superior Court* (1979) 98 Cal.App.3d 57, 62 [159 Cal.Rptr. 267].) "Excusable neglect is neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances." (*Ebersol* v. *Cowan, supra,* 35 Cal.3d 427, 435.)

Appellant's sole support for her assertion of excusable neglect is found in her declaration, wherein she states: "I had no knowledge of government tort claim requirements, nor was I advised, made aware of, or informed of such requirements." Mere lack of knowledge of the claim-filing requirement is insufficient to support relief under section 946.6. ((*Harrison* v. *County of Del Norte* (1985) 168 Cal.App.3d 1, 7 [213 Cal.Rptr. 658]; *El Dorado Irrigation Dist.* v. *Superior Court, supra,* 98 Cal.App.3d 57, 62.) Moreover, even if we concede, as did the court in *Bennett* v. *City of Los Angeles* (1970) 12 Cal.App.3d 116, 121 [90 Cal.Rptr. 479], that a layman perhaps should not be charged with negligence in not discovering section 911.2 by failing to look it up, a layman who is aware of the fact that he has a compensable claim may be neglectful if he fails to consult an attorney for more than 100 days after the occurrence. There is no evidence in the record indicating that appellant consulted an attorney during the 100-day period, nor that she even attempted to retain

counsel until March, 1984, nearly a year after the accrual of her cause of action, although she was obviously aware of the existence of her claim long before that time. Appellant has simply failed to provide the trial court with any evidentiary basis upon which to exercise its discretion to grant relief. (See *Ebersol* v. *Cowan, supra,* 35 Cal.3d 427, 437, fn. 12.) We find no abuse of discretion in the trial court's conclusion that there was an insufficient showing to justify granting appellant's petition for relief on the basis of mistake or excusable neglect.

## V

### EXEMPTION FROM TORT CLAIMS ACT

Our conclusion does not leave appellant without a remedy. ▮▮▮ She contends that this action is brought under title VII of the federal Civil Rights Act and under the California Fair Employment and Housing Act and is therefore not subject to the 100-day claim filing requirement of the Government Tort Claims Act. ▮▮▮ As this contention was not raised in the trial court, appellant would ordinarily be precluded from raising it for the first time on appeal, except that it presents a strict question of law based upon the pleadings and declarations before the trial court and contained in the record on appeal. "Where a theory advanced for the first time on appeal 'presents only a question of law arising from facts which are undisputed, appellate review is authorized.' [Citations]." (*Hanf* v. *Sunnyview Development, Inc.* (1982) 128 Cal.App.3d 909, 912, fn. 1 [180 Cal.Rptr. 718]; see also *La Mancha Dev. Corp.* v. *Sheegog* (1978) 78 Cal.App.3d 9, 14 [144 Cal.Rptr. 59].) Resolution of the question presented requires only a reading of appellant's complaint and exhibits attached thereto, which were of course before the trial court and are contained in the record on appeal. Moreover, respondent school district has had the opportunity to respond to this legal question by responsive brief. We therefore consider this issue on appeal.

▮▮▮ In *Williams* v. *Horvath* (1976) 16 Cal.3d 834, 842 [129 Cal.Rptr. 453, 548 P.2d 1125], our Supreme Court determined that although California may condition rights which grow out of local law by requiring a timely claim for damages with a public entity prior to suit, the supremacy clause will not permit a like abrogation of the perquisites of a federal civil rights litigant. The claim provision of Government Code section 911.2 was thus held inoperative in an action brought under the Civil Rights Act. (See also *Graham* v. *City of Biggs* (1979) 96 Cal.App.3d 250, 255 [157 Cal.Rptr. 761].)

▮▮▮ Appellant seeks to avail herself of this exemption from the claim filing requirement, arguing that "[i]t is clear from the facts of this case that

[she] wished to invoke a Title VII Civil Rights Claim (42 U.S.C. 2000e–2000e-17) after exhausting her administrative remedies." The allegations of Garcia's complaint, including the EEOC charge incorporated by reference, do describe unlawful employment practices as proscribed by title VII. However, both the late-filed claim and the superior court complaint are personal injury actions alleging that this discriminatory conduct constituted intentional infliction of emotional distress, and seeking compensatory and punitive damages. The remedies available in a title VII action are set forth in 42 United States Code section 2000e-5(g): "If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate." ▆ Emotional and punitive damages are not equitable relief or backpay, the categories of relief authorized under title VII; such damages are thus not recoverable in a title VII action. (*Shah* v. *Mt. Zion Hosp. & Med. Center* (9th Cir. 1981) 642 F.2d 268, 272; *Alveari* v. *American International Group, Inc.* (S.D.N.Y. 1984) 590 F.Supp. 228, 232; *James* v. *KID Broadcasting Corp.* (D.Idaho 1983) 559 F.Supp. 1153, 1157; see also *Great American Federal Savings & Loan Association* v. *Novotny* (1979) 442 U.S. 366, 375, fn. 17 [60 L.Ed.2d 957, 965, 99 S.Ct. 2345].) ▆ Inasmuch as appellant's complaint primarily seeks relief unavailable in a title VII action, we are unable to construe the complaint, even liberally, as one under title VII.

## VI

### ACTION UNDER FEHA

Actions brought under the Fair Employment and Housing Act (FEHA), California's own statutory scheme to combat employment discrimination, have also been held exempt from the claim-presentation requirements of the general tort claims act. The FEHA contains specific time limitations related to the remedies provided: a verified complaint must be filed with the Department of Fair Employment and Housing within one year of the unlawful practice (Gov. Code, § 12960); the department must serve the employer with the complaint within 45 days of filing or at the time of initial contact (Gov. Code, § 12962); if an accusation is not issued within 150 days after filing of the complaint, or if the department earlier determines that no accusation will issue, the department shall so notify the charging party in

writing, informing that party that he may bring a civil action under the act against the party named in the complaint within one year from the date of that notice. (Gov. Code, § 12965.) ■■■ "The above provisions demonstrate a legislative intention to exempt actions under the FEHA from the general Tort Claims Act requirements. The procedural guidelines and the time framework provided in the FEHA are special rules for this particular *type* of claim which control over the general rules governing claims against governmental entities. The FEHA not only creates a statutory cause of action, but sets out a comprehensive scheme for administrative enforcement, emphasizing conciliation, persuasion and voluntary compliance, and containing specific limitations periods. [Citation]." (*Snipes* v. *City of Bakersfield* (1983) 145 Cal.App.3d 861, 868 [193 Cal.Rptr. 760], original italics.)

■■■ Moreover, the limitation to equitable remedies present in title VII suits does not exist in private court actions under the FEHA. "[I]n a civil action under the FEHA, all relief generally available in noncontractual actions, including punitive damages, may be obtained." (*Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 221 [185 Cal.Rptr. 270, 649 P.2d 912].)

Appellant in her superior court complaint and by incorporation of her EEOC complaint alleged employment discrimination based on her sex, national origin, and in retaliation for her 1981 EEOC complaint; these are unlawful employment practices proscribed under the FEHA. (Gov. Code, § 12940, subds. (a), (f).) She alleged receipt of the right to sue notice from the DFEH. That notice, attached to and incorporated in her complaint, evidences filing of her charge with the DFEH, the department's failure to issue an accusation, and Garcia's consequent right to bring suit under the FEHA within one year of the date of the notice. She alleges the within superior court action was brought in compliance with the conditions of this notice of right to sue. As discussed above, the damages in an action under the FEHA may include all relief available in noncontractual actions (see Civ. Code, §§ 3294, 3333), so the relief sought by appellant is available. We thus construe the action to be brought under the FEHA.

■■■ "[A]ctions seeking redress for employment discrimination pursuant to the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) are not subject to the claim-presentation requirements of the Tort Claims Act (Gov. Code, § 810 et seq.)." (*Snipes* v. *City of Bakersfield, supra,* 145 Cal.App.3d 861, 863.) ■■■ Appellant was not required to file a claim with the school district prior to bringing this superior court action under the FEHA for redress of unlawful employment practices, and should thus have been granted judicial relief from provisions of section 945.4 requiring presentation of a claim before suit. (Gov. Code, § 946.6.)

██   Our conclusion in no way undermines the purposes of the general claims presentation requirement, which are to give the public entity an opportunity to settle a claim before suit is brought, to permit early investigation of the facts, to facilitate fiscal planning for potential liabilities, and to avoid similarly caused injuries or liabilities in the future. (*Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 123 [113 Cal.Rptr. 102, 520 P.2d 726].) "The provisions of the FEHA for filing of a complaint with the department, administrative investigation, and service of the complaint on the employer serve a similar function." (*Snipes* v. *City of Bakersfield, supra,* 145 Cal.App.3d 861, 869.)   ██   School district had ample notice of appellant's claim through the EEOC and DFEH complaints, and had the opportunity to investigate and resolve the claim through the statutory procedures provided by these agencies. The school district has lost nothing but a technical defense by our conclusion that appellant was not required to file a government tort claim with them.

DISPOSITION

The order denying relief is reversed.

Thompson, J., and Johnson, J., concurred.

A petition for a rehearing was denied November 14, 1985, and respondent's petition for review by the Supreme Court was denied February 13, 1986. Lucas, J., was of the opinion that the petition should be granted.