[No. B011528. Second Dist., Div. Seven. Dec. 16, 1986.]

HELEN COLE, Plaintiff and Appellant, v.
CITY OF LOS ANGELES, Defendant and Respondent.

## COUNSEL

Dirnfeld & Zelner and Barry S. Zelner for Plaintiff and Appellant.

James K. Hahn, City Attorney, John T. Neville and Richard M. Helgeson, Assistant City Attorneys, for Defendant and Respondent.

## OPINION

**LILLIE, P. J.—** Helen Cole appeals from judgment entered after denial of her petition for relief from requirements of section 945.4, Government Code, that a written claim be presented to defendant City of Los Angeles before an action may be brought against it.[1]

---

[1]Plaintiff's February 15, 1985, notice of appeal purports to appeal from "the denial of the Petition for an Order relieving Petitioner from the provisions of Section 945.4 of the

## I

## FACTS

Helen Cole sustained personal injuries on October 8, 1983, when she tripped and fell on a sidewalk in Van Nuys. That day, she called the City of Los Angeles (hereinafter City) and reported her accident. She was told that claim forms would be mailed to her and if she intended to present a claim, she had one year in which to do so. She received the claim forms stapled together with a one-by-two-inch notice stapled to the top which covered the instruction as to the time limit to file a personal injury claim. As she was in considerable pain, she did not fill out the forms immediately. On May 17, 1984, she began to fill out the forms, discovered the 100-day limit within which to file her claim, and that day she filed her claim. On August 16, 1984, she filed application for leave to present late claim to the City; not having received notice of denial within 45 days, the application was deemed denied on September 30, 1984. (Gov. Code, § 911.6, subd. (c).) On November 16, 1984, plaintiff filed petition for relief from the provisions of Government Code section 945.4, asserting her failure to file a timely claim was through mistake, inadvertence, surprise or excusable neglect. City opposed the petition, which was denied after hearing on December 14, 1984. It is from judgment denying the petition that plaintiff appeals.

## II

## ESTOPPEL TO ASSERT STATUTORY REQUIREMENTS

Appellant contends the court abused its discretion in failing to find the City was estopped to assert her noncompliance with the time requirements of the claim statutes.[2]

---

*Government Code* entered herein on January 4, 1985." The record does not contain any order of such date, but contains a December 14, 1984, minute entry denying petition and stating that "Counsel for the Responding Party is directed to prepare the Judgment," and also contains a March 11, 1985, judgment denying the petition. Where a formal order is required, an appeal does not lie from a minute order. (*Herrscher* v. *Herrscher* (1953) 41 Cal.2d 300, 304 [259 P.2d 901]; *Berman* v. *Klassman* (1971) 17 Cal.App.3d 900, 908 [95 Cal.Rptr. 417].) As a notice of appeal must be liberally construed in favor of its sufficiency (Cal. Rules of Court, rule 1(a)), and it is apparent as to what plaintiff seeks to have reviewed, we treat the notice of appeal as an appeal from the judgment. (See *Luz* v. *Lopes* (1960) 55 Cal.2d 54, 59-60 [10 Cal.Rptr. 161, 358 P.2d 289].) A notice of appeal filed prior to entry of judgment, but after its rendition, is valid and deemed to have been filed immediately after entry of judgment. (Cal. Rules of Court, rule 2(c); see also *American Motorists Ins. Co.* v. *Cowan* (1982) 127 Cal.App.3d 875, 882-883 [179 Cal.Rptr. 747].)

[2]While the petition does not mention estoppel as a basis for relief, plaintiff's counsel raised the equitable estoppel theory on oral argument on hearing petition.

"Government Code section 911.2 requires that a claim relating to a cause of action for personal injury be presented to a public entity within 100 days after accrual of the cause of action. When such a claim has not been timely presented, section 911.4 permits written application to the public entity for leave to file a late claim. If the public entity denies such application, section 946.6, subdivision (a), authorizes a petition to the superior court for relief from the provisions of section 945.4 requiring the presentation of a written claim to a public entity before an action for damages may be brought against it. Such relief shall be granted 'if the court finds that the application . . . under Section 911.4 was made within a reasonable time not to exceed [one year after the accrual of the cause of action] . . . and that . . . [t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect . . . .' (§ 946.6, subd. (c).)" (*Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152, 155-156 [188 Cal.Rptr. 644], fn. omitted.) ■ A governmental entity may be estopped from asserting noncompliance with the statutory claim filing requirements where a claimant has been misled by the entity's agents with regard to the procedural or time requirements of the claim statutes. (*Fredrichsen* v. *City of Lakewood* (1971) 6 Cal.3d 353, 357 [99 Cal.Rptr. 13, 491 P.2d 805]; *Toscano* v. *County of Los Angeles* (1979) 92 Cal.App.3d 775, 784 [155 Cal.Rptr. 146].) "[F]our elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." (*Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245]; *DeYoung* v. *Del Mar Thoroughbred Club* (1984) 159 Cal.App.3d 858, 862 [206 Cal.Rptr. 28].) In order to prove the element of ignorance of the true state of facts, the evidence must show not only that the party claiming the estoppel did not have actual knowledge of the true facts but that he did not have notice of facts sufficient to put a reasonably prudent person upon inquiry, the pursuit of which would have led to actual knowledge; the convenient or ready means of acquiring knowledge being the equivalent of knowledge. (*LaRue* v. *Swoap* (1975) 51 Cal.App.3d 543, 551 [124 Cal.Rptr. 329].)

■ The existence of an estoppel is generally a question of fact for the trial court whose determination is conclusive on appeal unless the opposite conclusion is the only one that can be reasonably drawn from the evidence. (*Driscoll* v. *City of Los Angeles, supra,* 67 Cal.2d at p. 305.)

In support of her petition, appellant presented her declaration, undisputed by City. She declared that she was a 73-year-old woman residing in Van Nuys; on October 8, 1983, she tripped and fell on a sidewalk raised by tree

roots to a height two inches above the other slab of pavement; that same day she called the City of Los Angeles, in particular the Van Nuys City Clerk, reported her accident, and was told that claim forms would be mailed to her and if she intended to present a claim, she had one year to do so; as a result of her fall she suffered injuries to her knee, both wrists, head, mouth, gums and teeth; she received the claim forms stapled together with a one-by-two inch notice stapled on top of the first form, indicating the forms were to be returned to the City; because she was in considerable pain at the time, she did not fill out the forms immediately; when she began to fill out the forms on May 17, 1984, she discovered there was a time limit within which to file her claim; upon such discovery she immediately completed the forms and sent them to the City clerk's office; she did not see the notice of the time limit earlier because the one-by-two inch slip had covered it up; the clerk at the claims department did not inform her there was a 100-day statutory limitation for the filing of a personal injury claim.

■ Appellant argues that because her evidence was uncontradicted, the court's decision was arbitrary and an abuse of discretion. We find no abuse of discretion in an implied finding that appellant did not adequately establish all elements of equitable estoppel. In such case counterdeclarations are not necessary to defeat the claim. ■ Appellant's evidence was silent on the issue of reliance. The only reason given by her for the failure to fill out the forms in a timely fashion was the fact that she was in pain, not the fact of any oral representation by City. Even had the court drawn the inference that she did rely on the oral representations of City's agent, the court nevertheless could have reasonably concluded the City did not act so as to give her the right to rely on such representations inasmuch as City furnished her with written information on claim filing procedures giving her the ready means of discovering the true facts. There was no abuse of discretion in the implied finding that City was not estopped to assert the claim requirements.

### III

### No Abuse of Discretion in Denial of Relief Based on Mistake, Inadvertence, Surprise or Excusable Neglect

Appellant contends that because sufficient facts were presented such that the court, applying a liberal interpretation of Government Code section 946.6, could have found mistake, inadvertence, surprise or excusable neglect, it was arbitrary and an abuse of discretion to deny relief. ■ "The granting or denial of a petition for relief under section 946.6 rests within the discretion of the trial court and its determination will not be disturbed on appeal, except for abuse of that discretion. [Citations.]" (*Shank* v. *County of Los Angeles, supra,* 139 Cal.App.3d 152, 156.) "[W]here uncontradicted

evidence or affidavits of the petitioner establish adequate cause for relief, denial of relief constitutes an abuse of discretion." (*Bettencourt* v. *Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276 [228 Cal.Rptr. 190, 721 P.2d 71].)

█ The showing required of a petitioner seeking relief under section 946.6 on the grounds of mistake, inadvertence, surprise or excusable neglect is the same as the showing required under Code of Civil Procedure section 473 for relieving a party from a default judgment. (*Garcia* v. *Los Angeles Unified School Dist.* (1985) 173 Cal.App.3d 701, 708 [219 Cal.Rptr. 544].) Although only "neglect" is qualified by the adjective "excusable," it is uniformly held that for relief on any or all of the stated grounds it must be shown that one's misconception was reasonable, or that it might have been the conduct of a reasonably prudent person under similar circumstances. (*Black* v. *County of Los Angeles* (1970) 12 Cal.App.3d 670, 675 [91 Cal.Rptr. 104].) Plaintiff must show more than that she did not discover a fact until too late; she must establish that in the use of reasonable diligence she failed to discover it. (*Id.*, at p. 677.)

█ Based on the foregoing rules and a review of the record, we conclude the trial court did not abuse its discretion in denying relief. Plaintiff failed to establish adequate cause for relief. The record reflects a carefully considered inquiry by the court into the basis for relief tendered by plaintiff. At the hearing, the court found it "not only commendable but amazing" that plaintiff knew just which agency in the government handles claims and undertook to communicate with the correct City agency. Regardless of what, concerning the claim procedures, was told to plaintiff by telephone, the court correctly concluded, "I wouldn't think the average, reasonable person would rely on that when the document [claim form] finally arrives and it is spelled out in the document." The court further commented that "[t]here is nothing in the record to suggest that she comes within the legal definition of physical or mental incapacity." Thus, the court properly found insufficient evidence to have been presented that plaintiff's "considerable pain" prevented her from attending to her business affairs (see *Garcia* v. *Los Angeles Unified School Dist., supra,* 173 Cal.App.3d at p. 708), or that it was of sufficient severity or duration so as to affect her ability to file a timely claim. Other than the conclusory reference to "considerable pain," no other explanation is offered for plaintiff's failure to file a timely claim. Nor is the seven-month delay between the time she received the forms and the time she began to fill them out attributed to any oral representations of City. Plaintiff failed to set out sufficient facts to show that she exercised reasonable diligence in pursuing her claim and that a mistake or excusable neglect was the actual cause of her failure to comply with the 100-day requirement. (*Black* v. *County of Los Angeles, supra,* 12 Cal.App.3d 670, 676.) Thus,

although plaintiff's evidence was uncontradicted, and assuming it to be true, it nevertheless failed to establish adequate cause for relief.

██ ██ ██ Having determined the court did not abuse its discretion in finding no mistake, inadvertence, surprise nor excusable neglect, we need not consider whether the application for leave to present late claim was made within a reasonable time.[3] (*Black* v. *County of Los Angeles, supra,* 12 Cal.App.3d at p. 674.) Nor need we address the issue of prejudice, as the public entity has no burden to establish prejudice until plaintiff has satisfied the trial court that her failure to file timely claim was due to mistake, inadvertence, surprise or excusable neglect. (*Shank* v. *County of Los Angeles, supra,* 139 Cal.App.3d 152, 159.)

### DISPOSITION

The judgment is affirmed.

Thompson, J., concurred.

**JOHNSON, J.**—I respectfully dissent.

The majority opinion limits the scope of our review of the court order denying appellant's application to the traditional "abuse of discretion" standard. It quotes several Court of Appeal opinions suggesting this is the rule. The California Supreme Court, on the other hand, has stressed many times that denials of relief from the claims filing requirement are subject to a different and higher standard of review on appeal. Indeed, in our consideration of a trial court's denial of the relief provided by section 946.6, I am convinced we are not only guided but *bound* by the Supreme Court's repeated expressions the statute is to be liberally applied and particularly close appellate scrutiny should be given a denial of such relief.

The governing rules were restated recently in *Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 435 [197 Cal.Rptr. 601, 673 P.2d 271], as follows: "Section 946.6 is a remedial statute *intended to provide relief from technical rules* which otherwise provide a trap for the unwary claimant. [Citation omitted.] The remedial policies underlying the statute are 'that wherever possible cases be heard on their merits, and *any doubts which may exist should be resolved in favor of the application.*' [Citation omitted.] Thus, '[a]n appellate

---

[3]Inasmuch as the court below made an implied finding that the application for leave to present late claim was not filed within a reasonable time, appellant's failure to address this issue in her brief constitutes a failure to meet her burden of establishing an abuse of discretion as to this implied finding. (See *DeYoung* v. *Del Mar Thoroughbred Club, supra,* 159 Cal.App.3d 858, 864.)

court will be more rigorous in examining the denial of such relief than its allowance.' [Citation omitted.]" (Italics added.) (Accord *County of Santa Clara* v. *Superior Court* (1971) 4 Cal.3d 545, 552 [94 Cal.Rptr. 158, 483 P.2d 774]; *Viles* v. *State of California* (1967) 66 Cal.2d 24, 28-29, 31 [56 Cal.Rptr. 666, 423 P.2d 818].)

Resolving all doubts in favor of the application is a far cry from resolving all doubts in favor of the trial court's decision to deny the application which is the standard the majority applies. Instead we must ask ourselves—did the trial court in exercising its discretion resolve all doubts in favor of appellant's application? Pretty clearly, it did not and thus the decision should be reversed.

In this case, the uncontroverted evidence demonstrated the city had told Mrs. Cole orally she had a full year to file her claim. The uncontroverted evidence also demonstrated the written notice she received announcing she actually only had 100 days was concealed under a card stapled to the letter sent to her. True, she also said she did not file the claim immediately because of her physical condition. However, a court exercising its discretion to "resolve all doubts in favor of the application" would have construed the latter statement as merely an explanation of why Mrs. Cole waited later into the one-year period she had been led to believe she had available for filing a claim instead of filing it immediately after she received the letter from the city. Ordinarily one would expect a 73-year-old person to initiate legal action just as soon as possible even if she were allowed one year—or ten years—to file her claim. And presumably if Mrs. Cole had taken steps to file her claim with the city shortly after she received the letter she probably would have removed the card and found the notice of the 100-day time limit concealed beneath. It is entirely logical to construe this part of Mrs. Cole's statement as merely pointing out her physical condition was enough to overcome the sense of urgency about filing a claim one would ordinarily anticipate in an elderly person and thus to explain why she did not discover the city had erred in advising her she had a full year to file.

The trial court appears to have resolved all doubts against not in favor of the application. In the majority's view, the trial judge interpreted Mrs. Cole's mention of her physical condition to mean Mrs. Cole had not been misled about when she was required to file the claim. Rather she was only contending her condition was so bad it excused her deliberate disregard of the time limit she knew applied to her claim. I am not sure this is even a reasonable inference from the uncontroverted facts. I am especially doubtful given the additional factor that Mrs. Cole lodged her application immediately after being made aware she had only 100 days rather than a year to file with the city. But even if this were a logically permissible inference it is by no

means the only logically permissible inference one could have drawn from the several facts established by the evidence before the court. Indeed an inference which is at least as probable as the one the trial court chose to draw was discussed in the previous paragraph. That inference would have required the trial court to grant Mrs. Cole's application. Thus, the trial court chose an inference which defeats an application for relief over an equally logical one which supports the application. This means the trial court abused its discretion by failing to "resolve any doubts in favor of the application" as instructed by the California Supreme Court. Accordingly, I feel this court is compelled to reverse the denial of this application and would do so.

Appellant's petition for review by the Supreme Court was denied March 5, 1987.