Filed 5/9/13  Christensen v. Grai CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID CHRISTENSEN, | B242146 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC096148) |
| v. | |
| ELLEN GRAI et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Huey Cotton, Judge.  Affirmed.

David Christensen, in pro. per., for Plaintiff and Appellant.

State of California, Department of Industrial Relations Division of Workers' Compensation and James M. Robbins for Defendants and Respondents.

INTRODUCTION

Plaintiff David Christensen appeals from the judgment entered upon the order of the superior court sustaining the demurrer of defendants Ellen Grai and Deborah Strickland of the Uninsured Employers Benefit Trust Fund (the Fund) and denying leave to amend. Plaintiff and the Fund had entered into a settlement of his worker's compensation action. The Worker's Compensation Appeals Board (WCAB) approved the settlement. Plaintiff filed the instant complaint after Grai and Strickland allegedly delayed mailing him the settlement check. We conclude the superior court properly sustained the demurrer and denied leave to amend because it has no authority to hear plaintiff's case. Although plaintiff's complaint alleges causes of action for breach of contract and of fiduciary duty, negligence, and fraud, his prayer seeks the same damages for the same injuries that were the subject of his worker's compensation action, over which the WCAB has exclusive jurisdiction. Alternatively, we hold the trial court properly denied leave to amend because plaintiff's complaint is barred by plaintiff's failure to comply with the Government Claims Act. (Gov. Code, § 900 et seq.) Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

For review purposes, we assume the truth of the allegations in the challenged complaint, but not contentions, deductions, or conclusions of fact or law. (*Gulf Ins. Co. v. TIG Ins. Co.* (2001) 86 Cal.App.4th 422, 429.) Plaintiff was injured while at work for an employer that did not carry worker's compensation insurance. Plaintiff filed a worker's compensation action seeking $149,000 (*David Christensen v. Cesar Orosa dba Professional Limousine Service* (WCAB case No. ADJ2096753)) and joined the Fund in the lawsuit. The employer filed for bankruptcy protection and so the Fund negotiated a settlement with plaintiff for $20,000. Plaintiff signed the compromise and release on August 9, 2011. The WCAB approved the settlement.

According to plaintiff, his adjuster at the Fund, Grai, and her supervisor, Strickland made an oral promise that plaintiff would receive his settlement check within 30 to 45 days. Plaintiff sent two "Demands for Performance Notice" via certified mail.

2

Receiving no response after 150 days, and because the "administrative resolves have failed," plaintiff filed the instant action in propria persona, naming Grai and Strickland, among others.

The complaint alleges (1) breach of contract; (2) breach of fiduciary duty in that the Fund has a trust to help injured workers of California, and the failure to pay him money pursuant to the settlement is a breach of defendants' fiduciary duties to him; (3) negligence in failing to pay plaintiff so that he became homeless and unable to obtain medical care; and (4) fraud because defendants entered into the settlement agreement with no intention of performing their oral promise to pay within 30 to 45 days. As damages, plaintiff seeks, : (1) "$149,000 *originally requested in my worker compensation case.*" (2) "$78,000 (for the 78 weeks of not being stable enough to *work . . . .*" (3) "$50,000 for tuition *to retrain myself in another career.*" (4) "$8,900 for out of pocket physical therapy." (5) "[F]uture medical expenses for my left shoulder." He also seeks interest and other relief. (Italics added.)

The check for full payment of the settlement was issued to plaintiff on January 25, 2012, two days after he filed this complaint. Plaintiff cashed the check.

Defendants demurred to the complaint on four grounds: (1) the trial court lacked subject matter jurisdiction because the WCAB had exclusive jurisdiction; (2) the trial court had no jurisdiction because plaintiff failed to exhaust his administrative remedies before the WCAB; (3) the complaint does not allege compliance with the Government Claims Act because plaintiff does not allege the timely filing with the Victim Compensation and Government Claims Board; and (4) the case is moot because plaintiff cashed his check in full satisfaction of the settlement.

The superior court sustained the demurrer without leave to amend on the grounds it lacked subject matter jurisdiction and plaintiff failed to timely file a claim in violation of the Government Claims Act. After judgment was entered against him, plaintiff appealed.

CONTENTIONS

Plaintiff contends the trial court erred in sustaining the demurrer.

3

DISCUSSION

1. *Our standard of review*

"A demurrer lies only for defects appearing on the face of the complaint or from matters of which the court must or may take judicial notice. [Citation.]" (*Stevens v. Superior Court* (1999) 75 Cal.App.4th 594, 601.) For the purpose of determining the effect of the complaint, its allegations are liberally construed with a view toward substantial justice. (Code Civ. Proc., § 452.)

Our analysis of a complaint against a general demurrer works thusly: "we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Plaintiff did not offer any amendment and so he stands on his complaint.

2. *The trial court properly sustained the demurrer and denied leave to amend because plaintiff's complaint arises out of matters that fall within the exclusive jurisdiction of the WCAB.*

It has long been the law in California that the WCAB is the sole tribunal empowered to adjudicate claims for workers' compensation benefits. (Lab. Code, § 5300;[1] *La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co*. (1994) 9 Cal.4th 27, 35.) If the injuries for which a plaintiff claims damages were suffered in the course and scope of an employment relationship, they are covered by the workers' compensation laws and the WCAB has the exclusive authority over those claims. (*La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co*., at p. 35.)

---

[1] Labor Code section 5300 reads in relevant part, "All the following proceedings shall be instituted before the appeals board and not elsewhere, except as otherwise provided in Division 4: [¶] (a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto."
All further statutory references are to the Labor Code unless otherwise indicated.

The aim of plaintiff's complaint is to recover for the very same injuries that were the subject of his worker's compensation case. Designating the causes of action as breach of contract, breach of fiduciary duty, negligence, and fraud does not alter the fact the complaint prays for $149,000 (the demand in plaintiff's worker's compensation action), plus $78,000 in wage replacement (permanent disability benefits under sections 4653 and 4658), $50,000 for vocational retraining; $8,900 for reimbursement of out of pocket physical therapy, and special damages of an unspecified amount. Those injuries were suffered in the course and scope of plaintiff's employment, with the result the WCAB -- not the superior court -- has exclusive jurisdiction.[2]

Plaintiff's objective in bringing this lawsuit, namely to recover for his work-related injuries, was confirmed when he explained to the superior court that his "intended purpose was the contract [settlement agreement] was breached and void. I didn't want any part of it anymore. And it was my intention that I was just going to send the check back, because I didn't want to be a party to the contract." Effectively, plaintiff would like to undo the settlement and re-litigate his workers' compensation claim. Apart from the fact plaintiff cashed the Fund's check, the decision of the WCAB confirming plaintiff's settlement is conclusively presumed to be lawful. (§ 5302.)[3] If dissatisfied, plaintiff must return to the WCAB and seek to modify the ruling. (*Ibid.*) Or plaintiff

---

[2] The superior court and the Fund both referred to the subject matter jurisdiction of the court. On appeal, plaintiff argues repeatedly that the subject matter of the case was his settlement check and so the trial court had jurisdiction. However, "Subject matter jurisdiction refers to the court's power to hear and resolve a particular dispute or cause of action. [Citation.]" (*Serrano v. Stefan Merli Plastering Co., Inc*. (2008) 162 Cal.App.4th 1014, 1029.)

[3] Section 5302 reads, "All orders, rules, findings, decisions, and awards of the appeals board shall be prima facie lawful and conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside *by the appeals board* or upon a *review by the courts* within the time and in the manner specified in this division." (Italics added.)

5

should have petitioned for a writ of review. (§ 5950.)**4** Regardless, the superior court has no authority to adjudicate this complaint. (§ 5955;**5** *Koszdin v. State Comp. Ins. Fund* (2010) 186 Cal.App.4th 480, 492.)

3. *Alternatively, insofar as the complaint seeks to recover damages other than for which worker's compensation is the sole remedy, the trial court properly denied leave to amend because plaintiff did not allege he complied with the Government Claims Act (Gov. Code, § 900 et seq.) by filing a claim with the California Victim Compensation and Government Claims Board.*

"The intent of the Tort Claims Act is not to expand the rights of plaintiffs against governmental entities. Rather, the intent of the act is to confine potential governmental liability to rigidly delineated circumstances. [Citation.] [¶] The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity [citations.]. The act creates a bond between the administrative claim and the judicial complaint. Each theory of recovery against the public entity must have been reflected in a timely claim. In addition, the factual circumstances set forth in the claim must correspond with the facts alleged in the complaint. [Citation.]" (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767,

---

**4** Section 5950 reads, "Any person affected by an order, decision, or award of the appeals board may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration. The application for writ of review must be made within 45 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 45 days after the filing of the order, decision, or award following reconsideration."

**5** Section 5955 reads, "No court of this state, except the Supreme Court and the courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the appeals board, or to suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the appeals board in the performance of its duties but a writ of mandate shall lie from the Supreme Court or a court of appeal in all proper cases."

1776.)  The aim of the tort claim statutes is to provide sufficient information to enable the public entity to investigate claims and settle, if appropriate, without the expense of litigation, and to take the potential claim into account in fiscal planning.  (*Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 797; *Johnson v. San Diego Unified School Dist.* (1990) 217 Cal.App.3d 692, 697.)

"Compliance with the claims provisions is mandatory.  [Citations.]"  (*Johnson v. San Diego Unified School Dist.*, *supra,* 217 Cal.App.3d at p. 697.)  Fulfilling the requirements of the tort claims presentation procedure is a condition precedent to filing suit; it is not an affirmative defense.  (*Munoz v. State of California*, *supra*, 33 Cal.App.4th at p. 1777.)  Thus, an injured party may not maintain an action against a public entity unless it has presented a claim to the entity, in this case the Victim Compensation and Government Claims Board (the Board).  (Gov. Code, § 945.4.)  All claims against the state, such as the Fund, "[f]or money or damages on express contract or for an injury for which the state is liable," must be filed with the Board.  (Gov. Code, § 905.2, subd. (a) & (b)(3).)

Here, to the extent plaintiff's complaint seeks damages other than for which worker's compensation is the sole remedy,[6] it is barred by plaintiff's failure to allege he filed a claim with the appropriate body, namely the Board.  (Gov. Code, § 905.2, subd. (a) & (b)(3).)  Plaintiff's asserted ignorance of the claims filing requirement is not a sufficient basis for relief from the filing requirement.  (*Garcia v. Los Angeles Unified School Dist.* (1985) 173 Cal.App.3d 701, 708.)  Nor are we persuaded by plaintiff's argument that the Government Claims Act is unconstitutional.  (*Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 481; accord, *Whitfield v. Roth* (1974) 10 Cal.3d 874, 889, fn. 20; see *Dias v. Eden Township Hospital Dist.* (1962) 57 Cal.2d 502, 504.)  Plaintiff has neither alleged that he filed a claim with the Board, nor proposed that he could amend to allege compliance with the Government Claims Act.  Therefore,

---

[6]      Claims for which worker's compensation is the sole remedy are exempted from the claim requirement.  (Gov. Code, § 905, subd. (d).)

plaintiff's complaint against the Fund is barred (Gov. Code, § 945.4) and likewise his causes of action against Grai and Strickland are barred (Gov. Code, § 950.2).

DISPOSITION

The judgment is affirmed.  Each party to bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KLEIN, P. J.

KITCHING, J.

8