Filed 3/23/15  Plumer v. Rigdon CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| CAROL PLUMER, | D066249 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00058926 CU-PO-NC) |
| REBECCA RIGDON et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Affirmed.

Michael G. Harris for Plaintiff and Appellant.

Wallace, Brown & Schwartz, George M. Wallace, Jr. and Lisa J. Brown for Defendants and Respondents.


Plaintiff Carol Plumer appeals after the trial court entered summary judgment in favor of Rebecca Rigdon and Rigdon Dressage (together Defendants) on her negligence claim against them.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Plumer boarded her horse at Arroyo Del Mar Stables (the Stables) where Rigdon was a horse trainer. While Plumer walked inside the barn at the Stables, Rigdon's dog ran into the barn from the outside, ran down the barn aisle, collided with Plumer's right leg and continued on to some unknown destination. Plumer suffered injuries as a result of the collision. Plumer had seen Rigdon's dog at the Stables on multiple occasions before the date of her injury and was unaware of any previous incidents in which the dog had collided with either persons or horses; however, the dog seemed "rather hyper and not trained."

Using an approved Judicial Council pleading form, Plumer sued Defendants alleging a single cause of action for negligence. She claimed that Rigdon, a principal of Rigdon Dressage, allowed her dog to run free without a leash in violation of posted rules at the Stables stating, "'NO DOGS.'" Rigdon brought her dog with her to the Stables in violation of the rules and failed to exercise reasonable control of the dog in such a manner as to prevent harm to others.

Defendants moved for summary judgment, arguing (1) no legal duty existed to prevent the inadvertent injury caused by Rigdon's dog; and (2) the presence of dogs was a condition known to Plumer and a risk she assumed both explicitly in a release agreement with the Stables and implicitly by her regular presence at the Stables. The trial court granted the motion, concluding Defendants

2

owed Plumer no duty of care. It stated that the issue of duty was a legal issue for the court to decide and turned in the question of foreseeability. The court concluded the question of foreseeability in a negligence case involving a nonvicious dog turned on whether the dog had a tendency to engage in potentially harmful conduct and whether Defendants knew of that conduct. It found the following:

> "Here, there is no evidence creating a triable issue of fact whether Defendant's dog was potentially harmful and whether Defendant had knowledge of such 'particular propensities.' [Citation.] [¶] Plaintiff cites to her deposition testimony showing that Defendant's dog 'seemed rather hyper and untrained' and that Defendant would leave the dog in her office at the stables with the door closed for much of the day and that on one occasion, Defendant's door was open and she saw the dog in the entryway and that Defendant was 'trying to get it not to run out, trying to get it to stay there.' [Citation.] This evidence does not create an underlying triable issue of fact. The evidence neither directly nor indirectly shows that Defendant's dog had a tendency to engage in the behavior which caused the incident, i.e., to 'collide' with people and knock them down, as alleged in Plaintiff's first amended complaint. No reasonable jury could decide, based on the evidence relied on by Plaintiff, that Defendant's dog was potentially harmful. Thus, the Court concludes the incident was not foreseeable and for that reason, Defendant did not owe Plaintiff a duty of care."

The trial court entered a judgment in favor of Defendants. Thereafter, Plumer moved for "reconsideration" under Code of Civil Procedure section 473, citing a number of San Diego County Code of Regulatory Ordinances (the Ordinances) and arguing that she had a prima facie claim that Rigdon's conduct in allowing the dog to run free violated the Ordinances. (Undesignated statutory

3

references are to the Code of Civil Procedure.)  The court concluded it lacked jurisdiction to rule on the motion as a judgment had already been entered.  Plumer timely appealed from the judgment.

DISCUSSION

I. *General Legal Principles*

Summary judgment is properly granted when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).)  Where the defendant is the moving party, it must show that a cause of action has no merit by putting forth evidence that either one or more elements of the cause of action, even if separately pleaded, cannot be established or that a complete defense exists thereto.  (§ 437c, subds. (o) & (p)(2); *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 (*Saelzler*).)  If the defendant meets this burden, the burden shifts to the plaintiff to establish that a triable issue of material fact exists.  (§ 437c, subd. (p)(2); *Saelzler*, *supra*, at p. 768.)

We review the trial court's decision to grant summary judgment de novo. (*Saelzler*, *supra*, 25 Cal.4th at p. 768.)  We must view the evidence submitted in connection with a motion for summary judgment in a light most favorable to the party opposing the motion and resolve "any evidentiary doubts or ambiguities in plaintiff's favor."  (*Ibid.*)  We independently determine whether the record supports the trial court's conclusions that the asserted claims fail as a matter of

4

law, and we are not bound by the trial court's stated reasoning or rationales.

(*Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 951.)

II. *Analysis*

A.  Negligence Per Se

Plumer asserts the trial court improperly granted summary judgment as Defendants owed her a common law duty of care.  In her reply brief, she asserted Rigdon owed a duty of care based on a negligence per se theory under ordinances requiring that dogs be leashed.  In reviewing the record, we noted that Plumer did not argue the issue of negligence per se as a theory of liability in opposition to the summary judgment motion and Rigdon raised the issue in her reply brief below.  We requested that the parties submit further briefing on whether this theory of liability was properly before us.  Assuming the issue was properly before, the parties were directed to address whether summary judgment should have been denied on this ground.  Both parties submitted letter briefs, which we have considered.

We conclude the theory of negligence per se is not properly before us.  Plumer did not argue negligence per se in opposition to the summary judgment motion.  Defendants addressed the negligence per se theory in their reply brief below to distinguish a case cited by Plumer in her opposition.  On appeal, Plumer asserted in her opening brief that Rigdon allowed her dog to run at large in violation of a county ordinance; however, Plumer never argued the theory of

5

negligence per se applied or that the summary judgment motion should have been denied on this ground. Rather, Plumer raised the issue for the first time in her reply brief on appeal, arguing we can consider county ordinances under section 909, that the ordinances created a duty for Rigdon to maintain her dog on a leash and her failure to do so constituted negligence per se.

Section 909 is a seldom used statute that allows a reviewing court to "make factual determinations contrary to or in addition to those made by the trial court" in "cases where trial by jury is not a matter of right or where trial by jury has been waived." This statute does not contemplate we should take original evidence to reverse a judgment. (*DeYoung v. Del Mar Thoroughbred Club* (1984) 159 Cal.App.3d 858, 863, fn. 3.) Rather, it is well settled that arguments raised for the first time in an appellant's reply brief are forfeited unless good reason has been shown for failure to raise them earlier. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10; *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10.) Plumer does not explain why she failed to address this theory in her opening brief and we conclude she forfeited this issue by raising it for the first time in her reply brief.

B. Negligence

Plumer asserts the trial court erred in granting summary judgment because Rigdon owed her an ordinary duty to exercise reasonable care to control her dog.

"A determination that defendants owe plaintiff no duty of care would negate an essential element of plaintiff's cause of action for negligence and would constitute a complete defense. Whether a duty of care exists is a question of law for the court and is reviewable de novo. All persons are required to use ordinary care to prevent injury to others from their conduct." (*Nichols v. Keller* (1993) 15 Cal.App.4th 1672, 1685.) "[A] court's task—in determining 'duty'—is not to decide whether a *particular* plaintiff's injury was reasonably foreseeable in light of a *particular* defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 572-573, fn. 6.) "Foreseeability of harm, though not determinative, has become the chief factor in duty analysis." (*Nichols v. Keller*, *supra*, at p. 1686.) " 'Foreseeability, when analyzed to determine the existence or scope of a duty, is a question of law to be decided by the court.' " (*Butcher v. Gay* (1994) 29 Cal.App.4th 388, 401.)

"To support a duty, foreseeability of harm must be reasonable. [Citations.] Put another way, the degree of foreseeability must be high enough to charge the defendant with a duty to act. [Citations.] . . . [T]he harm must be sufficiently likely to arise from a given act. [Citations.] More than a mere possibility of occurrence is required since, with hindsight, everything is foreseeable. [Citations.] . . . '[T]he court evaluates . . . whether the category of negligent conduct at issue is

7

sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party. [Citation.] What is "sufficiently likely" means what is " 'likely enough in the setting of modern life that a reasonably thoughtful [person] would take account of it in guiding practical conduct.' " [Citation.]' [Citation.]" (*Friedman v. Merck & Co.* (2003) 107 Cal.App.4th 454, 465-466.)

Based on the evidence, the duty question in this case may be summarized as follows: Could Rigdon have reasonably foreseen that injury would result from her failure to control her dog where Rigdon knew the dog did not have a tendency to run into people or other objects?

In analyzing this issue, we start with the Restatement (Second) of Torts which provides the following: "[O]ne who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if . . . (b) he is negligent in failing to prevent the harm." (Rest.2d Torts, § 518, p. 30.) Comment j to this section provides the following: "There are certain domestic animals so unlikely to do harm if left to themselves . . . that they have traditionally been permitted to run at large. This class includes dogs, . . . . Although it is not impossible to confine dogs to the premises of their keepers or to keep them under leash when taken into a public place, they have been traditionally regarded as unlikely to do substantial harm if allowed to run at large, so that their keepers are

8

not required to keep them under constant control. . . .  However, although the possessor or harborer of a dog . . . is privileged to allow it to run at large and therefore is not required to exercise care to keep it under constant control, he is liable if he sees his dog . . . about to attack a human being or animal or do harm to crops or chattels and does not exercise reasonable care to prevent it from doing so."  (*Id.* at p. 32.)

Here, while Rigdon's dog appeared "hyper and not trained," there is no evidence the dog had a propensity to run into objects or had otherwise injured a person.  Thus, it was not reasonably foreseeable the dog was likely to run into people and Rigdon had no common law duty to confine the dog.  (Compare, *Drake v. Dean* (1993) 15 Cal.App.4th 915, 931-932 [court erred in failing to instruct jury on negligence theory where evidence revealed defendant knew dog had a habit of jumping on people].)  As the *Drake* court noted, "[I]t may reasonably be anticipated that a dog which has jumped on people before will do it again, whereas it is not reasonable to suppose that a dog that has, for whatever reason, run into an immovable object will not have been discouraged from repeating that conduct." (*Id*. at p. 931.)  Finally, while Plumer notes the existence of a "no dogs" sign at the Stables, she did not sue the Stables' owner and the manager of the Stables presented a declaration stating the list of rules on the sign, including the no dogs rule, pertains to boarders and does not apply to horse trainers such as Rigdon.

Additionally, she failed to present any argument or authority explaining how this fact impacted the duty analysis.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to their costs on appeal.

MCINTYRE, J.

WE CONCUR:

MCCONNELL, P. J.

HUFFMAN, J.