Filed 12/10/15  Yorba Linda Estates v. Rodger, as Trustee CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| YORBA LINDA ESTATES, LLC et al., | |
| Plaintiffs, Cross-defendants and Respondents, | G051110 |
| v. | (Super. Ct. No. 30-2013-00650665) |
| LINDA M. RODGER, as Trustee, etc., et al., | O P I N I O N |
| Defendants, Cross-complainants and Appellants; | |
| YORBA LINDA ESTATES NORTH, LLC, et al., | |
| Cross-defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Request for Judicial Notice.  Judgment affirmed.  Request for Judicial Notice denied.

Garrett & Tully, Ryan C. Squire and Edward W. Racek for Defendants, Cross-complainants and Appellants.

Songstad & Randall and William D. Coffee for Plaintiffs, Cross-defendants and Respondents.

*     *     *

The dispute in this action arises out of two proposed neighboring housing developments in the County of Orange (County) in the area of the city of Yorba Linda: Cielo Vista, to be built by defendant, cross-complainant, and appellant North County BRS Project, LLC (BRS), and Esperanza Hills, to be built by plaintiff, cross-defendant and respondent Yorba Linda Estates, LLC (YLE).

The trial court found one of the parcels in Cielo Vista is the servient tenement of an easement for public utilities and road purposes (Easement) for the benefit of one of the parcels in Esperanza Hills. The court quieted title to the Easement in favor of YLE and plaintiff OC 33, LLC (OC 33; collectively plaintiffs).

BRS and defendants, cross-complainants, and appellants Linda M. Rodger and Nancy Ann Maggio, cotrustees of the Virginia Richards Revocable Intervivos Trust dated May 1, 1986 (Richards Trust; with BRS, collectively defendants), filed a cross-complaint against plaintiffs, and cross-defendants Yorba Linda Estates North, LLC, Janis Long Nicholas and John Jay Nicholas, trustees of the Nicholas Trust (collectively Nicholas), and Johanna Rae Long and Mary Margaret Long (collectively Long; all collectively cross-defendants) seeking a declaratory judgment that the Easement could be used only by the dominant tenement and none of the other parcels in Esperanza Hills, and that the Easement could not be overburdened.

The court ruled defendants were not entitled to declaratory relief because no plans had been approved for the development of Esperanza Hills about which defendants were complaining. Thus there was no actual controversy and the issues were not ripe.

2

On appeal, defendants contend there is an existing controversy because one of the several plans plaintiffs have submitted to the County shows the Easement being used for an emergency access road for all parcels within the Esperanza Hills project. In addition, because this issue has not been resolved, BRS has been delayed in developing Cielo Vista. Defendants argue plaintiffs' claims to the Easement are currently harming them, regardless of future development plans for Esperanza Hills.

Defendants filed a request for judicial notice of, among other things, a resolution (Resolution) adopted by the County's planning commission recommending the board of supervisors certify plaintiffs' final environmental impact report (EIR) for Esperanza Hills. We deny the request. The trial exhibits are already part of the record. The Resolution evidences action taken after trial of case and was not before the trial court.

The court did not abuse its discretion in denying declaratory relief and we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Esperanza Hills is composed of three properties owned by YLE or over which it has control: the Yorba Trail Property, the YLE Property, and a parcel owned by Nicholas and Long (Nicholas/Long Property). Cielo Vista is composed of two properties over which BRS has control: the Richards Property and a parcel owned by Amos Travis (Travis Property).[1]

The Richards Property and the Yorba Trail Property were originally part of a larger parcel that was partitioned pursuant to a judgment in 1958. The partition judgment also granted a 50-foot wide easement appurtenant over the Richards Property for the benefit of the Yorba Trail Property for purposes of road and public utilities. The

---

[1] A copy of one of the trial exhibits, a map showing the location of the various parcels, is appended to this opinion. The shorthand names of the properties have been added to the exhibit.

Easement runs north to south along the western boundary of the Richards Property, continuing south from the western boundary of the Yorba Trail Property.

Both plaintiffs and defendants are in the process of obtaining entitlements to build their projects. In developing Cielo Vista, defendants anticipate building a total of 112 homes. Plaintiffs plan to build approximately 340 homes in Esperanza Hills, 12 on the Yorba Trail Property, and more than 320 on the YLE Property and the Nicholas/Long Property combined. For developments in excess of 150 homes, County requires two access roads, one for primary access and a second for emergency access.

Plaintiffs have submitted to the County various plans for development of Esperanza Hills, one of which, referred to as Option 1, shows use of the Easement for all the parcels making up Esperanza Hills for an emergency access road and for utilities. The road would connect to Stonehaven Drive, which runs east to west, south of the two developments.

Plaintiffs have also submitted three alternate plans (Options 2, 2A, & 2B), none of which show an access road connecting to Stonehaven Drive. However, they do show grading and a road over a portion of the Easement. These plans are all premised on building roads over other parts of the Cielo Vista development, over which plaintiffs admit they have no right of access.

To build the emergency access road over the Easement, plaintiffs will be required to cut a channel on the Richards Property to connect it to Stonehaven Drive. The channel would be approximately 40 feet wide and feature retaining walls up to 35 feet high. The channel would divide the two parcels making up the Cielo Vista development.

Plaintiffs filed a complaint seeking a judgment quieting title to the Easement and enjoining defendants from interfering with plaintiffs' use of the Easement, and a declaration the Richards Property was subject to the Easement.

4

Defendants filed a cross-complaint for declaratory relief and quiet title. Defendants alleged plaintiffs and cross-defendants had no easement over the Richards Property, or, alternatively, any easement had been terminated. Defendants sought a declaration to that effect and to quiet title to the Richards Property. In the alternative defendants sought a declaration that, if the court found there was an easement, it should be limited to its historic use and that it was nonexclusive.

After a bench trial the court entered judgment in favor of plaintiffs, quieting title to the Easement. The court further ruled in favor of cross-defendants on the cross-complaint, rejecting their quiet title claim on the merits and finding their declaratory relief claim was not ripe.

In the statement of decision the court found the Richards Property was "'subject to an easement for road and public utility purposes over, under, along, across, and through the westerly fifty (50) feet thereof.'" The Easement was for the benefit of the Yorba Trail Property. The Easement extended south through the Richards Property until it reached Stonehaven.

The court concluded the Easement has not been abandoned or terminated for any reason. Further, there was no evidence the Easement was to be restricted to its historical use.

As to the declaratory relief claim in the cross-complaint, the court determined there was no existing actual controversy because there was no approved plan for use of the Easement, and thus any judgment would be an advisory opinion, which it declined to render.

Additional facts are set out in the discussion.

## DISCUSSION

*1. Request for Judicial Notice*

Defendants request we take judicial notice of the Resolution by the County planning commission that recommended certification of a final EIR for Esperanza Hills

5

and approved Options 1 and 2B. Defendants also seek judicial notice of five trial exhibits.

We deny the request. The exhibits are already part of the record on appeal and judicial notice is not necessary.

Nor do we take judicial notice of the Resolution. On appeal the record consists of documents considered by the trial court. Judicial notice generally is not proper to bring a new document before us. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) This is especially true when the document evidences events that occurred after the trial court proceedings.

Although we may take judicial notice of a document consisting of new evidence in exceptional circumstances (*City of Petaluma v. Cohen* (2015) 238 Cal.App.4th 1430, 1438, fn. 7), we do not consider this to be such a case (*DeYoung v. Del Mar Thoroughbred Club* (1984) 159 Cal.App.3d 858, 863, fn. 3 [reviewing court should not receive new evidence to support reversal]). The Resolution was merely a recommendation by the planning commission to the County board of supervisors to take certain action with reference to plaintiffs' development of Esperanza Hills. There is no evidence as to how the board will act on it. The Resolution does not serve to show there is an actual controversy.

*2. General Principles of Declaratory Relief and Standard of Review*

The court may grant declaratory relief "in cases of actual controversy relating to the legal rights and duties of the respective parties." (Code Civ. Proc., § 1060.)

"The purpose of declaratory relief is 'to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs.' [Citation.] It 'is to be used in the interests of preventive justice, to declare rights rather than execute them.' [Citation.]" (*Environmental Defense Project of Sierra County v. County of Sierra* (2008) 158 Cal.App.4th 877, 884; *Environmental Defense Project*.)

6

One purpose ""'"is to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation [citation]." [Citation.]'" (*Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 647.) Another ""'""'test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct . . . to preserve his legal rights."'"'" [Citation.]" (*Coronado Cays Homeowners Assn. v. City of Coronado* (2011) 193 Cal.App.4th 602, 608; *Coronado*.)

An "'actual controversy'" under Code of Civil Procedure section 1060 "encompasses a probable future controversy relating to the legal rights and duties of the parties. [Citation.]" (*Environmental Defense Project*, *supra*, 158 Cal.App.4th at p. 885.) "Whether a case is founded upon an 'actual controversy' centers on whether the controversy is justiciable. 'The principle that courts will not entertain an action which is not founded on an actual controversy is a tenet of common law jurisprudence, the precise content of which is difficult to define and hard to apply. The concept of justiciability involves the intertwined criteria of ripeness and standing.'" (*Stonehouse Homes LLC v. City of Sierra Madre* (2008) 167 Cal.App.4th 531, 540; *Stonehouse*.) "[T]he 'actual controversy' referred to in the statute is one which 'admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts.'" (*Green v. Travelers Indemnity Co.* (1986) 185 Cal.App.3d 544, 557.)

"A 'controversy is "ripe" when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.' [Citation.]" (*Environmental Defense Project*, *supra*, 158 Cal.App.4th at p. 885.)

There is a two-pronged test to determine if a controversy is ripe: "whether the dispute is sufficiently concrete that declaratory relief is appropriate; and (2) whether withholding judicial consideration will result in the parties suffering hardship. [Citations.]" (*Stonehouse*, *supra*, 167 Cal.App.4th at p. 540.) "'Under the first prong, the

7

courts will decline to adjudicate a dispute if "the abstract posture of [the] proceeding makes it difficult to evaluate . . . the issues" [citation], if the court is asked to speculate on the resolution of hypothetical situations [citation], or if the case presents a "contrived inquiry" [citation]. Under the second prong, the courts will not intervene merely to settle a difference of opinion; there must be an imminent and significant hardship inherent in further delay. [Citation.]' [Citations.]" (*Ibid.*)

Whether an actual controversy exists is a question of law, which we review de novo. (*Coronado*, *supra*, 193 Cal.App.4th at p. 607.) If there is an actual controversy, the trial court has discretion to decide whether it is "necessary or proper" to grant declaratory relief "under all the circumstances" "at the time." (Code Civ. Proc., § 1061.) We review that decision for an abuse of discretion. (*Coronado*, at p. 607.)

*3. No Actual Controversy*

The trial court ruled there was no actual controversy as to the use of the Easement. It based its decision on the fact plaintiffs had submitted four different plans to develop Esperanza Hills, only one of which proposed to use the Easement for a fire access road, and none of which had been approved. It also found that once plaintiffs progressed further in the entitlement process, the controversy might become ripe, but at the time of the judgment "the facts [were] not sufficiently congealed" for the court to make a determination as to plaintiffs' rights to the Easement. Our de novo review convinces us this decision was correct.

Defendants contend the fact plaintiffs are asserting the right to use the Easement to benefit the entire Esperanza Hills development now makes the controversy ripe. That this is only one of their four proposed plans makes no difference, they say, because the other three are not feasible and plaintiffs intend to proceed with Option 1. We are not persuaded.

This argument is based solely on defendants' belief plaintiffs will proceed with Option 1. But the claim has several flaws. Even if Option 1 is the more likely of the

8

four plans, there is no evidence plaintiffs will push forward with that proposal or that it will ultimately be approved.  Plaintiffs could withdraw or amend this plan, or revise the other options to make them viable.  The plans are just too amorphous at this juncture.

Defendants' counter argument is that declaratory relief is meant to prevent a breach before it occurs.  (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 848.)  We do not quarrel with the general principle but it does not apply to this case.  The facts at issue are not sufficiently concrete to warrant a declaration of rights.  Nothing is imminent.

We are not persuaded by the cases on which defendants rely, including, for example, *Coronado*, *supra*, 193 Cal.App.4th 602.  In that case the issue concerned who was responsible for maintaining a berm that was on the plaintiff's property but was a waterway for the defendant city.  The court found there was an actual controversy.  Although the berm did not need maintaining at the time of the declaratory relief action, whoever was liable for maintenance had to "monitor the situation" until the time maintenance was required.  (*Id*. at p. 608.)

Thus the *Coronado* facts were concrete and the parties' positions were defined.  That is quite different from the state of the facts here.

Defendants argue we should not waste judicial resources with a new action once plaintiffs select their desired plan.  But the opposite is true.  Judicial resources should not be wasted unless and until "'the facts have sufficiently congealed to permit an intelligent and useful decision to be made.'  [Citations.]" (*Stonehouse*, *supra*, 167 Cal.App.4th at p. 540.)

For the same reasons, defendants' arguments about the channel do not warrant a declaration.  Until there is a more definitive development plan the facts are hypothetical and not subject to declaratory relief.

When the facts have become more concrete, obviously defendants have the right to file another declaratory relief action.

*4. Hardship*

To satisfy the second prong of the test, defendants assert they have been and will continue to be damaged by a delay in resolution of the alleged controversy. They list several examples of how they have been damaged by the uncertainty over the extent of plaintiffs' use of the Easement. But this argument is flawed.

Because we have not found a concrete controversy, we need not reach the question of hardship. (*Stonehouse*, *supra*, 167 Cal.App.4th at p. 540.) Even on the merits, however, evidence of hardship is thin. Defendants claim they have been "'stymied'" due to uncertainty about the Easement and "'hamstr[ung]'" for over 18 months. They also contend the delay and uncertainty "caused . . . 'tremendous backlash in the community'" and cost them "a substantial amount of money."

But, even though there was some testimony at trial, it consisted of merely conclusory statements to this effect. It is reasonable to infer these conclusions did not persuade the trial court defendants would suffer "'an imminent and significant hardship'" unless it issued a declaratory judgment. (*Stonehouse*, *supra*, 167 Cal.App.4th at p. 540.)

Defendants maintain the question of whether Esperanza Hills may use the Easements subjects them to "scrutiny" under the California Environmental Quality Act (Pub. Resources Code, § 21000 et seq.;CEQA). But this is misleading because defendants are otherwise required to submit an EIR and in fact have filed a draft of that document. Resolution of the Easement issue would not take Cielo Vista out of the purview of CEQA.

The fact the water district, which has lines running in the area of the Easement, has concerns about having heavy equipment running over the Easement may be a hardship to the district but has nothing to do with defendants. Further, that the district is requiring plans for both developments to be designed together is not relevant. There is no evidence this condition would be any different even with a declaration.

10

Defendants argue the merits of their claim plaintiffs have no right to use the Easement for the benefit of the entire Esperanza Hills development. And further maintain it is a legal question we can decide, in their favor, without remanding the question to the trial court. But the only issue before us is whether defendants are entitled to a declaratory relief judgment. We are not deciding the merits.

## DISPOSITION

The judgment is affirmed. The request for judicial notice is denied. Plaintiffs are entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


MOORE, ACTING P. J.


ARONSON, J.

11