Filed 12/29/23  Escobedo v. City of San Jose CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DENICE ESCOBEDO,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>CITY OF SAN JOSE, et al.<br><br>      Defendants and Respondents. | H050732<br>(Santa Clara County<br>Super. Ct. No. 22CV401287) |

Appellant Denice Escobedo appeals from an order denying her petition for relief from the claim presentation requirements of the Government Claims Act (Gov. Code, § 810 et seq.[1]).  Appellant failed to timely serve a public entity with her claim under the Government Claims Act.  She now argues that the trial court abused its discretion in denying her petition for relief due to mistake or excusable neglect.  Finding no abuse of discretion, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *The Accident*

Appellant alleges that on April 27, 2021 she was hiking along Penitencia Creek Trail in Penitencia Creek County Park when she was struck and injured by a wheel chock ejected by a nearby San Jose Fire Department (SJFD) truck driven by an SJFD firefighter.  According to appellant, Penitencia Creek County Park is a "linear park . . . [incorporating] parklands and open space from a number of agencies including Santa

---

[1] Subsequent undesignated statutory references are to the Government Code.

Clara County, the City of San Jose and the Santa Clara Valley Water District." As a result of the impact, appellant sustained a hand fracture, broken right arm, and contusion in her lower back, buttocks, and hip area, causing her to experience pain and requiring several months' medical leave of absence from work.

B. *Presentation of Claims to the State and County*

On October 26, 2021, pursuant to section 945.4, appellant submitted claims to the County of Santa Clara (County) and the State of California (State).[2] The County and the State rejected appellant's claims on December 6, 2021 and March 29, 2022, respectively, each stating that the matter did not fall within its jurisdiction.

C. *The Police Report*

The San Jose Police Department (SJPD) released its report of the incident to appellant on October 27, 2021. The report identified the incident as having occurred along Penitencia Creek Road, in San Jose, identified the owner of the fire truck as the "City of San Jose," and used the acronym "SJFD" to describe the fire department and the personnel who operated the fire department truck and initially rendered aid to appellant.

D. *The December 2021 Letter*

On December 14, 2021, appellant's counsel sent the San Jose City Attorney a letter "in hopes of resolving her claims." The letter detailed her injuries, the basis for finding the City of San Jose (City) liable, and the damages that she would seek. In addition to x-rays and photographs of her injuries, the letter attached copies of the October 27, 2021 SJPD police report and appellant's claims against the County and the State.

---

[2] Both claims mistakenly identified the location of the incident as Eagle Rock Trail in Alum Rock Park, rather than Penitencia Creek Trail and Penitencia Creek County Park.

E.      *The Request for Leave to Present a Late Claim*

Despite earlier sending government claims to the State and the County, appellant did not submit a claim to the City when she sent her December 2021 letter to the City Attorney. On February 28, 2022, however, she applied to the City for leave to present a late claim, attaching her claim against the City and a copy of her earlier settlement demand. On March 8, 2022, the City rejected appellant's claim as untimely and denied her application for leave to file a late claim.

F.      *The Petition*

After the City denied her application and rejected her claim, pursuant to section 946.6, appellant timely petitioned the trial court for relief from the claim presentation requirements of section 945.4. In support of her request, appellant asserted that she had "inadvertently failed to present a claim" to the City, and that her failure to timely do so was the result of "inadvertence and/or excusable neglect" because her counsel erroneously assumed that the County operated the fire truck involved, employed the firefighters, and was responsible for the park where appellant sustained her injuries. Although the petition referenced the December 2021 letter, appellant did not argue that the letter satisfied the claim presentation requirement.

The City opposed appellant's petition, asserting that it did not demonstrate that appellant's failure to timely submit a claim was the result of mistake or excusable neglect. The City argued that appellant failed to establish that she diligently investigated her claim to determine within the claim period that her injuries involved claims against the City. In particular, the City pointed out that the SJPD report provided to appellant in October 2021 stated that the City owned the fire truck in question, identified a "rural City park" as the scene of the accident, and used the acronym "SJFD" multiple times. The City also argued that appellant's December 2021 letter to the City Attorney did not constitute a government claim because it was untimely and misidentified the location of the accident.

3

In reply, appellant argued that her December 2021 letter "satisfied the purposes of the policy underlying the claims presentation requirements," that her failure to file a claim was excusable, and that the City failed to demonstrate prejudice from the late claim. Appellant reiterated that her failure to timely submit a claim to the City was due to her mistaken belief that the County and the State were the correct government entities for claim submission. She also contended that her counsel's office had been "negatively impacted during the COVID-19 [p]andemic" and had "experienced some technical difficulties from working between home and office." Finally, appellant asserted that she had presented her claim to the City a mere four days after the deadline, which, due to the additional time provided by certain COVID-19-related executive orders, was February 24, 2022.

After a hearing, the trial court denied appellant's petition. The court found that appellant was not entitled to relief because she had not shown reasonable diligence or excusable neglect. It noted that in October 2021 appellant had obtained a copy of the SJPD report, which clearly stated that the City owned the fire truck as well as noted that the "scene" of the accident was a "rural City park" and used the acronym "SJFD" for "San Jose Fire Department" multiple times. The trial court also observed that "California courts have repeatedly held that the failure of a claimant or claimant's attorney to identify the owner of a government facility is not excusable neglect." The court therefore found that appellant either was aware of facts suggesting the City's potential liability at the time of the accident or could easily have obtained this information in a timely fashion. Consequently, it concluded that appellant's failure to timely submit a claim to the City was inexcusable and it was proper to deny relief.

Appellant filed a timely notice of appeal, and we have jurisdiction over the appeal under Code of Civil Procedure section 904.1, subdivision (a)(1).

4

## II. DISCUSSION

The trial court's denial of appellants' petition for relief under section 946.6 is reviewable for abuse of discretion. (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1778.) However, because "section 946.6 is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary," a denial of relief under the section is examined "more rigorously" than a grant of relief, and "any doubts which may exist should be resolved in favor of the application." (*Ibid.*) Even applying this rigorous examination, we find no abuse of discretion.

### A. *The Government Claims Act*

The Government Claims Act (the Act) requires timely presentation of claims against public entities before a lawsuit for money or damages may be filed against such entities. (§§ 911.2, subd. (a), 945.4.) Specifically, a claim may be presented to a public entity by delivering the claim to the "clerk, secretary, or auditor" of the entity; by mailing the claim to such individuals or to the entity's "governing body at its principal office"; or, if expressly authorized, by submitting the claim electronically to the entity. (§ 915, subd. (a).) A claim not mailed or delivered in accordance with these requirements nonetheless "shall be deemed to have been presented in compliance" if, in the case of a local public entity, it is "actually received by the clerk, secretary, auditor, or board." (*Id.*, § 915, subd. (e)(1).)

Personal injury claims generally must be presented within six months "after the accrual of the cause of action." (§ 911.2, subd. (a).) However, during the COVID-19 pandemic, this deadline was relaxed: Exercising authority under the California Emergency Services Act (§ 8627), Governor Newsom temporarily extended the time for presenting a claim under the Act by 120 days. (Governor's Exec. Order No. N-08-21 (June 11, 2021) p. 3, ¶ 7e.) In addition, the Act provides that, if an injured party fails to timely present a claim, he or she may apply to the relevant public entity, within a

reasonable time but no later than one year after the accrual of a cause of action, for leave to present a late claim. (§ 911.4, subds. (a), (b).)

If a public entity denies an application for leave to present a late claim, the claimant may petition the trial court for relief from the claim presentation requirements. Under section 946.6, the trial court "shall relieve the petitioner" from these requirements if it finds that the application for leave to file a late claim was made within a reasonable time not to exceed one year from date of accrual, was denied or deemed denied, and one or more of six factors is applicable. (§ 946.6, subd. (c); see also § 911.4, subd. (b) [imposing one-year limit].) Relevant to the instant matter, the first of these factors is that "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4." (§ 946.6, subd. (c)(1).)

B.     *Substantial Compliance*

Appellant argues that the December 2021 letter that she sent to the San Jose City Attorney substantially complied with the Act's presentation requirements. This argument is unavailing because it was not properly raised below and because the Supreme Court has held that misdirected claims satisfy the presentation requirement only when actually received by a statutorily designated recipient. The City Attorney is not such a recipient, and the record does not reflect that any statutorily designated recipient actually received the December 2021 letter before appellant's application for leave to present a late claim.

In her petition to the trial court appellant did not argue substantial compliance based on the December 2021 letter. Instead, she asked the trial court to excuse the late filing of her February 28, 2022 claim "due to mistake or excusable neglect." Indeed, her petition mentioned the letter only in passing, asserting that the City was not prejudiced by her late claim because the letter had placed it on notice. The letter played a more prominent role in her reply brief: In arguing that the City was not prejudiced by the late

6

presentation of her claim, appellant asserted that the December 2021 letter substantially complied with the requirements of section 910 and that her claim "was presented in substance to the City . . . on December 14, 2021." However, even if these assertions could be construed as arguing that the December 2021 letter substantially complied with and satisfied the presentation requirement, the argument was not properly raised for the first time on reply. (See, e.g., *Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 227-228.) Nor can this substantial compliance argument be raised for the first time on appeal. (*Truck Insurance Exchange v. AMCO Insurance Company* (2020) 56 Cal.App.5th 619, 635 [" 'arguments raised for the first time on appeal are generally deemed forfeited' "].)

In any event, even if appellant had properly raised the substantial compliance argument, we would reject it. Section 915 describes the manner in which government claims may be presented. As set forth above, section 915 generally requires that claims be delivered or mailed to the "clerk, secretary, or auditor" or "to the governing body" of a public entity. (§ 915, subds. (a)(1), (2).) It also provides how this general requirement may be relaxed when a claim is misdirected and not mailed or delivered to the right individual or body: "A claim . . . shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section *if*, within the time prescribed for presentation thereof, any of the following apply: [¶] (1) It is *actually received* by the clerk, secretary, auditor or board of the local public entity." (*Id.,* subd. (e)(1), italics added.) There is no evidence in the record that the City Attorney ever transmitted the December 2021 letter to the City's clerk, secretary, auditor, or board. Nor does it help appellant that she included the December 2021 letter in her February 28, 2022 application for leave to file a late claim, because that package was not received by the City "within the time prescribed for presentation" of appellant's claim. (*Id.*, subd. (e).)

Finally, the Supreme Court has held that a misdirected claim cannot substantially comply with the Act's claim presentation requirement in a manner that does not satisfy

section 915.  In *DiCampli-Mintz  v. County of Santa Clara* (2012) 55 Cal.4th 983 (*DiCampli-Mintz*), the plaintiff asserted that she was injured by medical malpractice at a Santa Clara County hospital, but she neglected to present her claim to the county clerk, secretary, auditor, or board, and the claim was never actually received by any of them. (*Id*. at p. 991.)  The plaintiff had sent a letter detailing her allegations to the Santa Clara County Risk Management Department and, indeed, spoken to an individual there about her treatment.  (*Id*. at p. 988.)  Nevertheless, the Supreme Court held her claim failed to satisfy the presentation requirement.  (*Id*. at pp. 991-997.)  "Section 915(a)(1)," the Supreme Court observed, "reflects the Legislature's intent to precisely identify those who may receive claims on behalf of a local public entity," and "[s]ection 915(e)(1) reflects the Legislature's intent that a misdirected claim will satisfy the presentation requirement if the claim is 'actually received' by a statutorily designated recipient."  (*Id*. at p. 992.) Consequently, "[i]f an appropriate public employee or board never receives the claim, an undelivered or misdirected claim fails to comply with the statute."  (*Ibid*.)

Like the letter to the Santa Clara County Risk Management Officer considered in *DiCampli-Mintz*, appellant's December 2021 letter to the City Attorney fails to satisfy the requirements of section 915, and therefore we conclude that the letter cannot establish substantial compliance with the Act's presentation requirement.[3]

---

[3] At oral argument, appellant argued for the first time that her December 2021 letter to the City Attorney actually complied with the Act on the ground that the City Attorney has been delegated authority to receive government claims.  Appellant, however, did not point to any evidence of such a delegation or distinguish the Supreme Court's decision in *DiCampli-Mintz*, which overruled a decision holding that Section 915 is satisfied by delivery to " 'a person or department whose functions include the management or defense of claims against the defendant entity.' "  (*DiCampli-Mintz*, *supra*, 55 Cal.4th at p. 987.)  In any event, courts generally decline to consider arguments raised for the first time at oral argument (see, e.g., *Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6), and we see no reason to depart from that practice here.

C.    *Mistake or Excusable Neglect*

Appellant also argues that she sent claims to the County and the State rather than the City because of reasonable mistake or neglect that is excusable under section 946.6. We are not persuaded.

Under section 946.6, "[t]he mere recital of mistake, inadvertence, surprise or excusable neglect is not sufficient to warrant relief.  Relief on grounds of mistake, inadvertence, surprise or excusable neglect is available only on a showing that the claimant's failure to timely present a claim was reasonable when tested by the objective 'reasonably prudent person' standard." (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1293 (*DWP*); see also *Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435 (*Ebersol*).)  Under the reasonably prudent person standard, "[e]xcusable neglect is that neglect which might have been the act of a reasonably prudent person under the circumstances." (*DWP*, at p. 1296; see *Ebersol*, at p. 435.)  In addition, because a reasonably prudent person would exercise reasonable diligence in pursuing a claim, "[t]he party seeking relief based on a claim of mistake must establish he [or she] was diligent in investigating and pursuing the claim." (*DWP*, at p. 1293.)

Appellant has not shown that she exercised reasonable diligence but nonetheless was unable to identify the City and present claims to it before February 24, 2022.  The record contains no evidence of the efforts that appellant or her counsel undertook to identify the responsible public entity.  Instead, appellant simply asserts that her counsel "erroneously assumed" that the County operated the fire truck, employed the firefighters, and was responsible for the park where appellant's injuries occurred.  That is insufficient.  As the trial court observed, "California courts have repeatedly held that the failure of a claimant or claimant's attorney to identify the owner of a governmental facility is not excusable neglect." (See *Life v. County of Los Angeles* (1991) 227 Cal.App.3d 894, 900-901; *DeYoung v. Del Mar Thoroughbred Club* (1984) 159 Cal.App.3d 858, 864-865;

9

*Shank v. County of Los Angeles* (1983) 139 Cal.App.3d 152, 157; *Black v. County of Los Angeles* (1970) 12 Cal.App.3d 670, 676-677.)

Even more important, the evidence showed that appellant either was or should have been aware that the City owned the fire truck that injured her long before the February 24, 2022 deadline for presenting her claim to the City. As the trial court noted, by October 27, 2021 appellant had a copy of the SJPD report that the identified the City as the owner of the fire truck, described the location of the incident as a "rural City park," and used the acronym "SJFD," for San Jose Fire Department, multiple times. In addition, the County rejected appellant's claim as not falling within its jurisdiction on December 6, 2021. As a consequence, appellant should have known that her claim was against the City by December 6, 2021, and in fact she sent a demand letter to the City Attorney eight days later. Thus, her failure to present her claim to a proper recipient for the City until February 28, 2022, four days after the deadline, cannot be attributed to any confusion over the identity of the proper defendant and, absent a showing of reasonable diligence in the investigation and pursuit of her claim, cannot be excused.

### III. DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

10

_____
BROMBERG, J.

WE CONCUR:

_____
GROVER, ACTING P.J.

_____
LIE, J.

H050732
*Escobedo v. City of San Jose et al.*