Filed 10/28/25  Stern v. Young CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| DANIEL STERN, | C100450 |
| Plaintiff and Appellant, | (Super. Ct. No. 23PR000744) |
| v. | |
| CAROLYN YOUNG, as Trustee, etc., | |
| Defendant and Respondent. | |

Appellant Daniel Stern petitioned the probate court to determine the validity of the Stern Family Trust (the trust).  The probate court denied Stern's petition with prejudice for lack of standing.

On appeal, Stern contends the probate court abused its discretion by (1) disregarding his request for a court reporter; and (2) failing to consider less drastic alternatives to dismissing the petition with prejudice.  Respondent trustee Carolyn Young urges us to affirm for both procedural and substantive reasons.

We affirm, finding that (1) Stern has not carried his burden on appeal to prove the lack of court reporter was reversible error; and (2) Stern's petition was barred for lack of standing.

FACTUAL AND PROCEDURAL BACKGROUND

Stern's parents established the trust that specifically disinherited Stern. In 2019, Stern signed a settlement agreement releasing all his claims, both known and unknown, arising from the trust and agreeing not to challenge any aspect of the trust. After his parents' deaths, in 2023, Stern petitioned the probate court to determine the validity of the trust. The petition alleged Stern's mother executed an amendment in 2016 naming Stern a beneficiary of the trust. The amendment accompanying the petition stated it was made in 2018 but mother's signature on the amendment was dated 2016.

Following a hearing with no court reporter present, the probate court denied the petition with prejudice for lack of standing.

Stern timely appeals.

DISCUSSION

I.      Court Reporter

Stern contends the probate court abused its discretion and violated his due process rights by disregarding his request for a court reporter.[1] As a result, Stern claims he cannot create an official record to effectively challenge the probate court's decision on

---

[1] Stern moves to supplement the record with alleged new evidence: (1) an undeliverable email supposedly sent by Stern to the probate court requesting a court reporter; and (2) Stern's declaration claiming a clerk at the probate court told him a court reporter would be present at the petition hearing. He also moves to augment the record to include purported calendar notes from the probate court.

We deny the motion to supplement because neither the email nor the phone conversation was newly discovered postjudgment evidence. (*DeYoung v. Del Mar Thoroughbred Club* (1984) 159 Cal.App.3d 858, 863, fn. 3.) We also deny the motion to augment as irrelevant to our disposition.

appeal. Without deciding whether the probate court erred, we reject Stern's contention because he fails to demonstrate prejudice.

We reverse a judgment or order only when the appellant affirmatively demonstrates that prejudicial error occurred. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475; *640 Octavia LLC v. Walston* (2025) 111 Cal.App.5th 861, 869.) An error is prejudicial where "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Huffman v. Interstate Brands Corp.* (2004) 121 Cal.App.4th 679, 692.) And a case will not be reversed for federal constitutional error, such as a violation of due process, if the error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24.)

Here, Stern contends the absence of a court reporter prevented him from creating an official record to effectively challenge the probate court's decision on appeal. But unlike the plaintiff in *Jameson v. Desta* (2018) 5 Cal.5th 594, Stern does not explain what substantive mistakes would have been disclosed by a reporter's transcript. (See *id.* at p. 625 [a reporter's transcript would have allowed the court of appeal to determine whether the trial court's grant of nonsuit was substantively proper].) Importantly, Stern already released all known and unknown claims against the trust and agreed not to bring future claims to challenge the trust four years before he filed the petition. (See *Skrbina v. Fleming Companies* (1996) 45 Cal.App.4th 1353, 1366 ["a written release extinguishes any obligation covered by the release's terms"].)[2] We see no prejudice, including under the more stringent *Chapman* standard.

---

[2] Stern argues for the first time in his reply brief that a reporter's transcript would have allowed him to challenge the validity of the settlement agreement, the statute of limitations, and the basis for the family court's ruling. We decline to consider this argument "because such consideration would deprive the respondent of an opportunity to counter the argument." (*American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453.)

## II. *Less Drastic Alternatives*

Stern contends the probate court erred in failing to consider less drastic alternatives to dismissing his petition with prejudice, such as continuing the hearing to allow him to secure a court reporter. We disagree. He confuses dismissal for lack of standing and dismissal as a sanction.

"A lack of standing is a jurisdictional defect to an action that mandates dismissal." (*Cummings v. Stanley* (2009) 177 Cal.App.4th 493, 501.) Courts also have inherent authority to dismiss a case as a sanction. (*Crawford v. JPMorgan Chase Bank, N.A.* (2015) 242 Cal.App.4th 1265, 1271; see Code Civ. Proc., § 581, subd. (m).) This authority "should be exercised only in extreme situations, such as where the conduct was clear and deliberate and no lesser sanction would remedy the situation." (*Crawford v. JPMorgan Chase Bank, N.A,* at p. 1271.)

Here, the probate court dismissed Stern's petition for lack of standing, not as a sanction. Stern does not challenge the probate court's finding that he has no standing to file the petition. Thus, dismissal is mandatory, and the probate court has no discretion to consider less drastic alternatives. *Hale v. Morgan* (1978) 22 Cal.3d 388 does not aid Stern as it concerned the constitutionality of a statutory penalty against a landlord who willfully deprive his tenant of utility services for the purpose of evicting the tenant.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2), (4).)


                                       /s/
                                         MESIWALA, J.


We concur:


 /s/
HULL, Acting P. J.


 /s/
DUARTE, J.